UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIN ALDRICH, LONDA BEVINS, JESSICA JOHNSON, AND BEATA CORCORAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and JOHN REMBAO,<br><br>    Defendants. | Case No. 1:20-cv-02310-JRS-MPB<br><br>Judge:   Hon. James R. Sweeney II |

**DEFENDANTS' STATEMENT OF POSITION ON TRANSFERRED CASE**

Pursuant to S.D. Ind. Local Rule 16-2, Defendants the National Collegiate Athletic Association ("the NCAA") and its Board of Governors ("the Board") file this Statement of Position on *Aldrich et al. v. NCAA et al.*, which was transferred to the Southern District of Indiana from the Northern District of California on September 8, 2020.  In the Northern District of California, Defendants moved to dismiss and/or to strike on multiple bases, including that (1) California lacked personal jurisdiction over the NCAA and the Board, and (2) the First Amended Complaint ("FAC") was legally defective because Plaintiffs lacked standing to seek injunctive relief, sued an entity that has no capacity to be sued (the Board), brought claims that are time-barred, and failed to state a claim.  The Northern District of California agreed that California lacked personal jurisdiction, ordering the case transferred to the Southern District of Indiana.  The Northern District of California did not rule on the other grounds for dismissal or to strike as to the NCAA or its Board, since it had no jurisdiction to proceed.

The parties have conferred and respectfully submit the following proposed initial path forward. First, the parties have agreed the Plaintiffs may file a Second Amended Complaint ("SAC") in this Court by October 6, 2020. Then, the parties have agreed that the NCAA and the Board will file a motion to dismiss and/or to strike the SAC on November 6, 2020, Plaintiffs will file an opposition on December 4, 2020, and the NCAA and the Board will file a reply on December 18, 2020. This lengthens somewhat the ordinary time limits for briefing under the local and federal rules.

In addition, given the complexity of the issues presented by the NCAA's motion to dismiss and/or to strike, the NCAA respectfully requests that the Court hold in abeyance the parties' obligation pursuant to Local Rule 16-1(c) to submit a proposed case management plan until after the Court rules on the motion.[1] Defendants' counsel has raised this issue with Plaintiffs' counsel, but Plaintiffs do not agree.

I.  **PROCEDURAL BACKGROUND**

Plaintiffs Erin Aldrich, Londa Bevins, and Jessica Johnson are three former student-athletes who ran track-and-field at the University of Arizona and/or the University of Texas at Austin. They allege that when they were students in the late 1990s and early 2000s, they were abused by their track-and-field coach, John Rembao. In March 2020, they sued the NCAA and its Board in the Northern District of California, alleging that the NCAA should have adopted policies to prevent sexual misconduct by coaches, and that the NCAA's failure to do so constituted negligence and breach of conduct. They also brought battery, assault, negligent and

---

[1] The legal issues previously presented by the NCAA's Motion to Dismiss and/or Strike the First Amended Complaint before the Northern District of California, ECF No. 55, are likely to be rebriefed before this Court. Those issues required more than 100 pages of briefing by Plaintiffs and the NCAA and present complex questions of law that, if resolved in Defendants' favor, could dispose of the entire case.

intentional infliction of emotional distress, and false imprisonment claims directly against Rembao, and alleged that the NCAA was vicariously responsible for, or ratified, Rembao's conduct. *See generally* ECF No. 1.

On May 22, 2020, the NCAA and its Board moved to dismiss and/or strike the Complaint, because the court lacked personal jurisdiction over the NCAA or its Board; the Board is not an entity with the capacity to be sued; no Plaintiff had standing to seek injunctive relief, as Plaintiffs, who had long ceased to be student-athletes, could not show a likelihood of future harm; the claims were all time-barred under the applicable statutes of limitations; and Plaintiffs failed to state viable claims for negligence, contract, and vicarious liability against the NCAA and its Board. *See* ECF No. 33. Rembao also moved to dismiss on statute of limitations grounds, and he argued Plaintiffs failed to state a false imprisonment claim. ECF No. 37.

In response, on June 29, 2020, Plaintiffs filed their opposition to the motions to dismiss and sought leave to file an amended complaint. ECF Nos. 43, 45. The proposed First Amended Complaint was identical to the original Complaint in all respects but one: Plaintiffs added a new Plaintiff, Beata Corcoran, who is alleged to be a current student-athlete on the women's rowing team at Princeton University. The proposed FAC stated no additional facts about Corcoran—the allegations relating specifically to her consist of a single paragraph. *See* ECF No. 43-1 at 12.

The NCAA and the Board did not oppose Plaintiffs' request to amend, but argued that the amended complaint mooted their prior motion to dismiss, requiring a new round of briefing. ECF No. 47. The court agreed. ECF No. 52. The NCAA and the Board again moved to dismiss, asserting the same arguments and additionally arguing that Corcoran lacked standing to seek both damages and injunctive relief. ECF No. 55. Briefing concluded on August 17, and the court heard argument on September 3, 2020. Later that day, the court issued a written ruling.

3

ECF No. 72. The court agreed that California lacked personal jurisdiction over the NCAA and its Board, granting their motion to dismiss for lack of personal jurisdiction. Because the court lacked personal jurisdiction, venue was also improper under 28 U.S.C. § 1391(c)(2). Under 28 U.S.C. § 1406, a court can dismiss for improper venue, or can transfer the case in the interests of justice. The court chose to do the latter, ordering the case transferred to this Court. ECF No. 72 at 21. The court did not rule on the merits of the other arguments for dismissal raised by the NCAA and its Board.

The court denied Rembao's motion to dismiss, concluding that Rembao's actions tolled the statute of limitations as to Plaintiffs Bevins and Johnson, *id.* at 26-27, and that an Arizona tolling rule applied to Aldrich's claims, *id.* at 24. It also concluded Plaintiffs stated a false imprisonment claim against Rembao. *Id.* at 28-29. The case against Rembao will proceed in the Northern District of California, where the court ordered Plaintiffs to file an amended complaint by September 30, 2020. *Id.* at 29.

## II. PROPOSED NEXT STEPS

### A. The Court Should Set a New Briefing Schedule for Amendment of the Complaint and Any Motion to Dismiss and/or Strike

Defendants understand that Plaintiffs intend to file a Second Amended Complaint. Defendants do not oppose Plaintiffs' request to amend. An amended complaint, however, renders the prior pleading inoperative. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Accordingly, any motion to dismiss the earlier pleading is moot. *Johnson v. Fundex Games, Ltd.*, No. 1:08-CV-1660-SEB-DML, 2010 WL 935484, at *2 (S.D. Ind. Mar. 10, 2010). The NCAA and the Board therefore request that the Court vacate the existing motions and set a schedule for a new motion to dismiss and/or strike the SAC, as described below.

In light of the numerous issues involved in this case and the intervening Thanksgiving holiday, Defendants respectfully request that the Court extend the deadline to respond to the

SAC, and extend the default Opposition and Reply deadlines under the local rules. *See* Fed. R. Civ. P. 15(a)(3); S.D. Ind. L.R. 7-1(c)(2). The parties have agreed to a schedule whereby any motion to dismiss and/or strike would be due November 6, 2020; the Plaintiffs' opposition would be due December 4, 2020; and any reply would be due December 18, 2020.

### B. Submission Of A Case Management Plan Pursuant To Local Rule 16-1(c) and Any Initial Scheduling Conference Should Proceed After The Initial Pleadings Are Resolved

Pursuant to Local Rule 16-1(c)(1), the parties must submit a proposed case management plan "within 90 days after the case was either filed or removed to the court." Although this case was neither filed nor removed to this Court, application of the rule presumably would require the submission of a case management plan by December 7, 2020, 90 days after the case was docketed by this Court. The parties have not yet met and conferred pursuant to Rule 26(f), and discovery has not commenced in this case under Rule 26(d)(1).

Defendants respectfully suggest that there is good cause for the Court to postpone the Local Rule 16-1(c) requirement and delay the scheduling of an initial case management conference until after the Court adjudicates the motion to dismiss and/or strike the SAC. Briefing on the motion will be completed under the parties' proposed schedule by December 18, 2020, and the anticipated motion to dismiss could dispose of the case in its entirety and/or require amendments and further motion practice, so it would be most efficient for the Court to address scheduling issues after the pleadings are resolved and the parties have a more realistic sense of the scope of discovery and timeline for the case. *Spangler v. Sears*, *Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (noting practice of "wait[ing] to issue the scheduling order until it appears that a realistic trial date can be selected which all parties can meet"); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009) (stay of discovery and deferral of issuance of scheduling order appropriate when defendants challenged the sufficiency of all claims against them). Defendants raised this proposed plan with Plaintiffs, but Plaintiffs did not agree.

Should the Court be disinclined to hold the Local Rule 16-1(c) requirement in abeyance, however, discovery should not proceed until the pleadings are resolved. Defendants raised this proposal with Plaintiffs, but Plaintiffs did not agree. It makes sense to hold discovery in abeyance because this case is pled as a class action, and the proposed Nationwide Class includes all student-athletes from 1992 to the present. Plaintiffs plead that there are more than 460,000 student-athletes competing in a single year. FAC ¶¶ 349, 353. Accordingly, given the millions of potential class members, the extraordinarily broad temporal period, and the nature of Plaintiffs' claims (which involve the NCAA's policies towards and purported contractual relationship with every single NCAA student-athlete across nearly 1,100 schools over almost three decades), discovery could turn out to be costly and onerous. *See Ashley W. v. Holcomb*, No. 3:19-CV-00129-RLY-MPB, 2019 WL 9673894, at *2 (S.D. Ind. Oct. 31, 2019) (Brookman, J.) (finding, in a case involving 22,000 putative class members and a five-year timespan, that "[g]iven the allegations involved, the size of the purported class, and the temporal scope of the claims this case is susceptible to burdensome, costly, and contested discovery," favoring a discovery stay during the pendency of a motion to dismiss).

What's more, as discussed above, the motion to dismiss and/or strike could dispose of this complex litigation in its entirety (if the Court agrees Plaintiffs' claims are time-barred or that Plaintiffs fail to state a claim), or at least substantially narrow the issues and relief sought the case (such as, for instance, if the Court agrees no Plaintiff has standing to seek injunctive relief). Therefore, should Plaintiffs seek discovery before the resolution of the pleadings, Defendants intend to move this Court to exercise its broad discretion to control discovery and stay it for the time being. *See id.* (discovery stay appropriate during the pendency of a motion to dismiss where "[a]n entry on the motion to dismiss [could] be dispositive of this complex litigation" or "could greatly narrow" the scope of discovery).

DATED:  September 29, 2020        FAEGRE DRINKER BIDDLE & REATH LLP

By:    */s/ Andrea Roberts Pierson*
ANDREA ROBERTS PIERSON
NICHOLAS B. ALFORD
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel:  (317) 237-1424
Fax:  (317) 237-1000
Email:  andrea.pierson@faegredrinker.com
        nicholas.alford@faegredrinker.com

CAROLYN HOECKER LUEDTKE
(*pro hac vice pending*)
Carolyn.Luedtke@mto.com
TERRA CASTILLO LAUGHTON
(*pro hac vice pending*)
Terra.Laughton@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:       (415) 512-4000
Facsimile:        (415) 512-4077

GLENN D. POMERANTZ
(*pro hac vice pending*)
Glenn.Pomerantz@mto.com
HAILYN J. CHEN
(*pro hac vice pending*)
Hailyn.Chen@mto.com
LAUREN M. HARDING
(*pro hac vice pending*)
Lauren.Harding@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:       (213) 683-9100
Facsimile:        (213) 687-3702

*Attorneys for Defendants The National Collegiate Athletic Association and The Board of Governors of the National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020 the foregoing Statement of Position on Transferred Case was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

I further certify that on September 29, 2020 a copy of the foregoing Statement of Position on Transferred Case was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

| | |
|---|---|
| Lynn A. Ellenberger<br>FEGAN SCOTT, LLC<br>500 Grant St., Suite 2900<br>Pittsburgh, PA 15219<br>Telephone: (412) 515-1529<br>Facsimile: (412) 785-2400<br>Email: lynn@feganscott.com | *Attorneys for Plaintiffs*<br>Erin Aldrich, Londa Bevins, Jessica Johnson, and Beata Corcoran |
| Annika K. Martin<br>Rhea Ghosh<br>LIEFF CABRASER HEIMANN AND BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Telephone: (212) 355-9500<br>Facsimile: 212-355-9592<br>Email: akmartin@lchb.com<br>Email: rghosh@lchb.com | *Attorneys for Plaintiffs*<br>Erin Aldrich, Londa Bevins, Jessica Johnson, and Beata Corcoran |
| Jonathan David Selbin<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br>Email: jdselbin@lchb.com | *Attorneys for Plaintiffs*<br>Erin Aldrich, Londa Bevins, Jessica Johnson, and Beata Corcoran |

/s/Andrea R. Pierson