UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIN ALDRICH, LONDA BEVINS, JESSICA JOHNSON, AND BEATA CORCORAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and JOHN REMBAO,<br><br>  Defendants. | Case No. 1:20-cv-02310-JRS-MPB<br><br><br>Judge: Hon. James R. Sweeney II |

**BRIEF IN SUPPORT OF MOTION TO POSTPONE SCHEDULING CONFERENCE, HOLD L.R. 16-1(C)(1) IN ABEYANCE, AND/OR STAY DISCOVERY**

Defendants the National Collegiate Athletic Association ("the NCAA") and its Board of Governors ("the Board") (collectively "Defendants") respectfully move this Honorable Court to wait on setting a scheduling conference in this case, hold Local Rule 16-1(c)(1) in abeyance, and/or otherwise stay discovery until the motion to dismiss is adjudicated.

## I.   PROCEDURAL POSTURE

Plaintiffs Erin Aldrich, Londa Bevins, and Jessica Johnson are three former student-athletes who competed in track and field at the University of Arizona and/or the University of Texas at Austin. They allege that when they were students in the late 1990s and early 2000s, they were abused by their track and field coach, John Rembao. In March 2020, they sued the NCAA and its Board in the Northern District of California on behalf of a putative nationwide class of all former student-athletes at NCAA member institutions from 1992 to the present, and a putative nationwide class of all student-athletes coached by John Rembao. *See* ECF 1 ¶ 348-49. They allege that the NCAA should have adopted policies to prevent sexual misconduct by

coaches, that the NCAA's failure to do so constituted negligence and breach of conduct, and that the NCAA is vicariously liable for Rembao's conduct. *See generally* ECF 1. Plaintiffs later amended the Complaint to add another plaintiff, Beata Corcoran, who is a current student-athlete at Princeton University and does not allege that she has been sexually abused by Rembao or any other coach. See ECF 54 ("FAC") ¶ 25.

In the Northern District of California action, the NCAA and its Board moved to dismiss and/or strike the First Amended Complaint on the following grounds:

(a) the Northern District of California lacked personal jurisdiction over either the NCAA or its Board and venue was improper;

(b) the Board is not an entity with the capacity to be sued;

(c) Plaintiffs Aldrich, Bevins, and Johnson do not have standing to seek injunctive relief, as they ceased to be student-athletes decades ago and thus could not show a likelihood of future harm from the challenged NCAA policies;

(d) Plaintiff Corcoran has no standing to pursue any claim because she alleges nothing but the fact that she rows crew at Princeton, has not alleged any actual or threatened harm, and thus lacks standing altogether;

(e) the 20-year-old claims are all time-barred under the applicable statutes of limitations; and

(f) Plaintiffs failed to state viable claims for negligence, contract, and vicarious liability against the NCAA and its Board. ECF No. 55.

The Northern District of California dismissed the FAC against the NCAA and its Board for lack of personal jurisdiction, agreed venue was improper, and transferred the case against the NCAA and its Board to this Court. ECF No. 72. The court did not rule on the merits of the other arguments for dismissal raised by the NCAA and its Board.

In this Court, Plaintiffs have indicated that they plan to file a Second Amended Complaint ("SAC") on October 13, 2020. Defendants anticipate that they will file a motion to dismiss and/or strike that SAC and anticipate asserting the same challenges raised in the prior

motion (minus jurisdiction and venue) unless Plaintiffs have remedied those deficiencies. The parties have proposed to the Court an agreed upon briefing schedule that would have Defendants' motion filed on November 13, 2020 and briefing on the motion to dismiss completed with Defendants' reply brief on January 8, 2021.  ECF 111 at 2.

## II.     ARGUMENT

Defendants respectfully request that the Court wait to set an initial scheduling conference and hold the requirement that the parties submit a proposed case management plan in abeyance until after the pleadings are resolved.  Alternatively, Plaintiffs request that the Court stay discovery until after the pleadings are resolved.

### A.     The Court Should Postpone Setting a Scheduling Conference and Hold L.R. 16(c)(1) in Abeyance

Pursuant to Local Rule 16-1(c)(1), the parties must submit a proposed case management plan "within 90 days after the case was either filed or removed to the court."  Although this case was neither filed nor removed to this Court, application of the rule presumably would require the submission of a case management plan by December 7, 2020, 90 days after the case was docketed by this Court.  The parties have not yet met and conferred pursuant to Rule 26(f), and discovery has not commenced in this case under Rule 26(d)(1).

Defendants respectfully suggest that there is good cause for the Court to postpone the Local Rule 16-1(c) requirement and wait to schedule an initial case management conference until after the Court adjudicates the anticipated motion to dismiss and/or strike the SAC.  If the Court accepts the parties' proposed briefing schedule for that anticipated motion, briefing will be completed by January 8, 2021, and the anticipated motion to dismiss and/or strike could dispose of the case in its entirety and/or require amendments and further motion practice.  It would therefore be most efficient for the Court to address scheduling issues after the pleadings are resolved and the parties have a more realistic sense of the scope of discovery and timeline for the case. *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D. Ind. 1991) (noting practice of "wait[ing] to issue the scheduling order until it appears that a realistic trial date can be

selected which all parties can meet"); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009) (stay of discovery and deferral of issuance of scheduling order appropriate when defendants challenged the sufficiency of all claims against them).

### B. If the Court Holds a Scheduling Conference, the Court Should Also Stay Discovery

Should the Court be disinclined to hold the Local Rule 16-1(c) requirement in abeyance and decides to hold a scheduling conference and requires the parties to submit a case management plan, however, discovery should not proceed until the pleadings are resolved. Under the Federal Rules of Civil Procedure, district courts have broad discretion in deciding the extent, sequence, and timing of discovery. Rule 26(b)(1)(C), (d)(2). "Courts have long exercised that discretion to stay discovery after a timely filed motion to dismiss." *Dillinger, L.L.C. v. Elec. Arts, Inc.*, No. 1:09-CV-01236-SEB-JM, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010). And "[f]ollowing the Supreme Court's recent adoption of a more rigorous pleading standard to spare defendants the costs of discovery into meritless claims, such stays issue with even greater frequency." *Id.* *Cf. 6100 Pac., LLC v. CWI, Inc.*, No. 317CV00153RLYMPB, 2018 WL 3127175, at *2 (S.D. Ind. Mar. 16, 2018) (Brookman, J.) ("The court generally is disinclined to allow discovery to proceed when a motion for judgment on the pleadings is pending.")

Courts in this district use a three-factor test in deciding whether to stay discovery: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether the stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Madbak v. Anthem Ins. Companies Inc.*, No. 116CV03197SEBMPB, 2017 WL 5075262, at *1 (S.D. Ind. May 23, 2017) (Brookman, J.) (internal citation omitted). Because all three factors are met in this case, the court should stay discovery.

#### 1. A Stay of Discovery Will Not Prejudice Plaintiffs

The first factor, whether a stay of discovery will prejudice the non-moving party, favors a stay of discovery in this case. The case is in its infancy: no court has adjudicated the substance

of any motion to dismiss the pleadings by the NCAA on grounds other than personal jurisdiction, and discovery has not yet commenced. *Madbak*, 2017 WL 5075262, at *1 (finding no prejudice in staying discovery where formal discovery had not yet commenced). The NCAA anticipates it will file a motion to dismiss and/or strike the Second Amended Complaint on the same bases that it moved to dismiss earlier pleadings: Plaintiffs lack standing to seek injunctive relief, have brought time-barred claims, and have failed to state a claim.[1] Thus, "discovery is unlikely to produce facts necessary to defeat the motion" to dismiss, *id.* at * 1, given that the NCAA has and will move to dismiss on purely legal grounds. *Gekas v. Vasiliades*, No. 10-3066, 2012 WL 5948679, at *2 (C.D. Ill. Nov. 28, 2012) (staying discovery where defendant asserted a statute of limitations defense in a motion for judgment on the pleadings; holding that plaintiff did not need discovery to respond to the pending motion, as he was legally required to rely on his pleadings). Accordingly Plaintiffs do not require discovery to respond to it, and will not be prejudiced by delaying discovery until the motion is resolved.

### 2. A Stay May Simplify the Issues in the Case Because the Motion to Dismiss is Case Dispositive

The second factor, whether a stay will simplify the issues in the case, also favors a stay. Defendants, as discussed above, will move to dismiss on standing, statute of limitations, and failure to state a claim grounds. A favorable ruling on any one of these issues could dramatically narrow the issues before the Court, or dispose of the case altogether. *6100 Pacific*, 2018 WL 3127175, at *2 (finding this factor favored a stay where Defendant's "motion has the potential to be dispositive on the entire litigation" and formal discovery had not yet commenced). The motion also raises a threshold defense (standing to seek injunctive relief), additionally weighing in favor of a stay. *Panther Brands, LLC v. Indy Racing League, LLC*, No. 114CV00472TWPTAB, 2014 WL 11411864, at *1 (S.D. Ind. Oct. 15, 2014) ("A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is

---

[1] Plaintiffs have represented to Defendants that the SAC will add background facts that have no bearing on any claims or defenses and otherwise conform the complaint to the new forum.

unlikely to produce facts necessary to defeat the motion . . . or where the motion raises a threshold issue of standing, jurisdiction, or qualified immunity." (internal citation and quotation omitted)); *see also Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) (discovery stay appropriate where defendant moved to dismiss for lack of standing and failure to plead necessary elements of claims, all potentially dispositive threshold issues). The stay therefore could simplify the case considerably—or indeed, end it altogether.

### 3. A Stay May Significantly Reduce the Burden on the Parties and the Court

Because a stay could limit the issues on which there is discovery, the stay could reduce the burden of discovery on the parties and consequently, the potential burden of discovery disputes on the court. This case is pled as a class action, and the proposed Nationwide Class includes all student-athletes from 1992 to the present. FAC ¶ 349. Plaintiffs plead that there are more than 460,000 student-athletes competing in a single year. FAC ¶¶ 349, 353. Accordingly, given the millions of potential class members, the extraordinarily broad temporal period, and the nature of Plaintiffs' claims (which involve the NCAA's policies towards and purported contractual relationship with every single NCAA student-athlete across nearly 1,100 schools over almost three decades), discovery could turn out to be costly and onerous. *See Ashley W. v. Holcomb*, No. 3:19-CV-00129-RLY-MPB, 2019 WL 9673894, at *2 (S.D. Ind. Oct. 31, 2019) (Brookman, J.) (finding, in a case involving 22,000 putative class members and a five-year timespan, that "[g]iven the allegations involved, the size of the purported class, and the temporal scope of the claims this case is susceptible to burdensome, costly, and contested discovery," favoring a discovery stay during the pendency of a motion to dismiss).

What's more, as discussed above, the motion to dismiss and/or strike could dispose of this complex litigation in its entirety (if the Court agrees Plaintiffs' claims are time-barred or that Plaintiffs fail to state a claim), or at least substantially narrow the issues and relief sought the case (such as, for instance, if the Court agrees no Plaintiff has standing to seek injunctive relief).

Thus, delaying discovery would preserve the parties' resources to focus discovery on the issues that ultimately survive the motions to dismiss. *See id.* (discovery stay appropriate during the pendency of a motion to dismiss where "[a]n entry on the motion to dismiss [could] be dispositive of this complex litigation" or "could greatly narrow" the scope of discovery); *6100 Pacific,* 2018 WL 3127175 at *2 (noting that "a discovery stay will conserve parties' resources and preserve the opportunity to conduct further discovery if . . . any part of the case survives the motion for judgment on the pleading"); *Madbak*, 2017 WL 5075262, at *1 (same).

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court wait to set a scheduling conference, hold L.R. 16-1(c)(1) in abeyance, and/or stay discovery until after the pleadings are closed.

DATED: October 12, 2020               FAEGRE DRINKER BIDDLE & REATH LLP


                                          By:      */s/ Andrea Roberts Pierson*
                                                  ANDREA ROBERTS PIERSON
                                                  NICHOLAS B. ALFORD
                                                  FAEGRE DRINKER BIDDLE & REATH LLP
                                                  300 N. Meridian Street, Suite 2500
                                                  Indianapolis, Indiana  46204
                                                  Telephone:     (317) 237-1424
                                                  Facsimile:      (317) 237-1000
                                                  Email:   andrea.pierson@faegredrinker.com
                                                                 nicholas.alford@faegredrinker.com

                                                  CAROLYN HOECKER LUEDTKE
(*pro hac vice*)
TERRA CASTILLO LAUGHTON
(*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077
Email:   Carolyn.Luedtke@mto.com
          Terra.Laughton@mto.com

GLENN D. POMERANTZ
(*pro hac vice*)
HAILYN J. CHEN
(*pro hac vice*)
LAUREN M. HARDING
(*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702
Email:   Glenn.Pomerantz@mto.com
          Hailyn.Chen@mto.com
          Lauren.Harding@mto.com

*Attorneys for Defendants The National Collegiate Athletic Association and The Board of Governors of the National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2020, a copy of the foregoing was filed electronically with the Clerk of the Court using the Court's CM/ECF system. Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson