UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIN ALDRICH, LONDA BEVINS, JESSICA JOHNSON, and BEATA CORCORAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and THE BOARD OF GOVERNERS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:20-cv-02310-JRS-MPB |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST
TO VACATE LOCAL RULE REQUIREMENTS AND STAY THE CASE**

Plaintiffs Erin Aldrich, Londa Bevins, Jessica Johnson, and Beata Corcoran ("Plaintiffs") respectfully submit this Opposition to Defendants National Collegiate Athletic Association and the Board of Governors of the National Collegiate Athletic Association's (collectively, "NCAA") motion, asking this Court to vacate the Local Rule 16-1(c)(1) requirement to submit a Case Management Plan ("CMP"), delay scheduling of an initial case management conference ("CMC"), and stay discovery until resolution of NCAA's anticipated motion to dismiss.

**I.   INTRODUCTION**

This case has already been pending for seven months and has already survived an initial motion to dismiss pursuant to Fed. R. Civ. P. 12. There is no reason to further delay discovery relating to the NCAA's purposeful failure to prohibit sexual relationships between coaches and student-athletes, which it has acknowledged is a pervasive problem.

- 1 -

Before this case was transferred to this District, Judge Davila in the Northern District of California addressed the same issues that will be included in the NCAA's Rule 12(b)(6) motion, such as a statute of limitations defense to three Plaintiffs' claims. While the preclusive effect of Judge Davila's ruling need not be resolved today, the NCAA nevertheless cannot meet its burden to stay the case.

*First,* the NCAA seeks to vacate the L.R. 16-1 requirement for the parties to file a Case Management Plan ("CMP") but fails to provide any reasons other than its inconvenience, and thus, fails to satisfy the "good cause" standard contained in the rule. The CMP process is relatively simple, involving the population of a template on this Court's website, coordinated by Plaintiffs. Thus, the NCAA will not suffer undue burden.

*Next,* the NCAA asks this Court to stay discovery until its motion to dismiss is decided.[1] Yet filing a motion to dismiss does not automatically warrant a stay. In fact, the opposite is true in this District. To merit a stay, the defendant must show that there will be no prejudice to plaintiff, a stay will streamline the issues, and a stay will reduce the burden of the litigation on the parties and court—none of which the NCAA can show. First, a stay *will* prejudice Plaintiffs, whose Amended Complaint seeks to impose injunctive relief requiring the NCAA to protect vulnerable student-athletes from predatory coaches. In light of the seriousness of the allegations, the NCAA's claim that Plaintiffs will suffer no prejudice by a stay is false. Moreover, discovery is likely to produce facts that will further support defeat of NCAA's 12(b)(6) motion, so a discovery stay would prejudice Plaintiffs by denying them the opportunity to include such discovered facts in an amended complaint, should one be necessary to cure defects if the Court finds any. Second, a stay will not streamline the issues because the anticipated motion to dismiss

---

[1] On page 3 of its brief, NCAA erroneously states that Plaintiffs request a discovery stay. As is clear from Plaintiffs' position statement (Dkt. No. 111) and this brief, Plaintiffs do not.

is highly unlikely to resolve all claims. Judge Davila's ruling signals the merits of Plaintiffs' claims and the sufficiency of Plaintiffs' allegations under Rule 12(b)(6) scrutiny. Third, discovery here will be the same, regardless of which claims survive, so the NCAA's claim that a stay will alleviate its burden to respond to discovery merely defers its burden, and thus cannot be a basis for stay.

Plaintiffs respectfully request that this Court deny the NCAA's motion to stall the orderly progress of this very important case to Plaintiffs and NCAA student-athletes across the country.

## II.     SUMMARY OF FACTS

Plaintiffs initiated this putative class action in the United States District Court for the Northern District of California against the NCAA Defendants. *Aldrich v. NCAA,* No. 5:20-cv-01733-EJD (N.D. Cal.). Plaintiffs also brought claims against John Rembao, the coach who sexually abused and retaliated against Ms. Aldrich, Ms. Bevins, and Ms. Johnson. Ms. Corcoran, a current-student athlete, joined the case.

The NCAA Defendants filed a motion to dismiss on various grounds, including the statute of limitations and lack of personal jurisdiction. Rembao filed a motion to dismiss as to the statute of limitations, as well failure to state claims upon which relief can be granted. On September 3, 2020, the Honorable Edward J. Davila granted the NCAA's motion to transfer the case to this Court. Judge Davila denied Rembao's Rule 12 motion in its entirety, including the statute of limitations' challenge, finding that Plaintiffs' claims may be tolled by various

exceptions to the applicable statutes. *Aldrich v. NCAA*, Case No. 5:20-cv-01733-EJD, 20 WL 5255671, at *12-15 (N.D. Cal. Sept. 3, 2020).[2]

After transfer to this Court, the parties conferred. The parties agreed on a schedule for Plaintiffs to file their Second Amended Complaint, as well as a schedule for briefing NCAA's anticipated motion to dismiss, which schedule was contained in Plaintiffs' Statement of Position, later modified. Dkt. No. 111. The NCAA asked Plaintiffs to agree to delay the CMP deadline under L.R. 16-1 and to stay discovery until its motion to dismiss was decided. Plaintiffs refused, and the NCAA's instant motion followed. Dkt. Nos. 113, 114 (collectively, "NCAA Br.").

### III. STANDARD FOR ISSUING A STAY

"A party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case." *Ind. State Conf. of the NAACP v. Lawson*, No. 1:17-cv-02897-TWP-MPB, 2018 WL 4853567, at *3 (S.D. Ind. Oct. 5, 2018) (denying motion to stay proceedings and discovery) (citing *Ind. State Police Pension Tr. v. Chrysler L.L.C.*, 556 U.S. 960, 961 (2009)). *See also United States ex rel. Robinson v. Indiana Univ. Health Inc.*, No. 1:13-CV-02009-TWP, 2015 WL 3961221, at *9 (S.D. Ind. June 30, 2015) (citation omitted) (denying motion to stay discovery, notwithstanding a pending Rule 12 motion).

In considering a stay request, a court evaluates: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Lawson*, 2018 WL 4853567, at *2 (citation omitted). "Courts

---

[2] While it is true that Judge Davila did not rule on the NCAA's statute of limitations argument because he had decided the jurisdictional issue in favor of the Southern District of Indiana, the NCAA's statute of limitations argument was substantively identical to Rembao's, and therefore, there is no reason why the Court's decision on Rembao's statute of limitations argument would not equally apply to the NCAA's argument.

disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Id. See also Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (denying motion to stay discovery).

## IV.   ARGUMENT

### A. The Case Management Conference and Case Management Plan should proceed in accordance with Local Rule 16-1.

Local Rule 16-1(c)(1) requires the parties to submit a proposed CMP "within 90 days after the case was either filed or removed to the court." Although this case was neither filed in nor removed to this Court, both parties agree that application of this local rule requires the submission of a CMP by December 7, 2020, 90 days after the case was docketed in this Court. *See* NCAA Br. at 3. The rule provides that "deadlines established in any order or pretrial entry under this rule may not be altered unless the parties and the court agree, or for good cause shown." L.R. 16-1(f). Thus, in order to delay the filing of a joint Case Management Plan, the NCAA must demonstrate "good cause."

"The court relies on Local Rule 16-1 to facilitate the orderly and efficient management of cases." Attorney's Handbook for the United States District Court Southern District of Indiana at p. 21, available at https://www.insd.uscourts.gov/sites/insd/files/Attorney%20Handbook.pdf. Indeed, this is directly in line with Fed. R. Civ. P. 1's mandate that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The goal of the local rule requiring the parties to confer at the initiation of a case is so the parties "give thoughtful consideration to the merits and the amount of damages at issue in a case at the initial stages…." *Id.* "One of [the] principal policies [supporting L.R. 16-1] is that counsel can and should conduct many phases of litigation without the direct involvement or supervision of the court,

thereby giving greater flexibility to the attorneys and their clients, as well as conserving judicial resources." *Id*. The NCAA's motion disrupts the ordinary course of events and subverts the policy considerations behind the rule.

The L.R. 16-1 requirements for a Case Management Plan are not onerous, nor does the NCAA contend they are. This Court's website provides a link to a template document, and even provides it in user-friendly Word format. *See* https://www.insd.uscourts.gov/case-management-plans. The template CMP is a 10-page document to be populated with the relevant information, and the burden is on plaintiff to initiate and coordinate its filing. *See* L.R. 16-1(d). Requiring the NCAA to participate by providing basic information for completion of the CMP can hardly be considered burdensome.

The NCAA's sole reason to avoid this requirement under the local rules is that the NCAA's "anticipated motion to dismiss and/or strike could dispose of the case in its entirety…." NCAA Br. at 3. Yet the drafters of L.R. 16-1 were undoubtedly aware of the timeline for filing a motion to dismiss under Rule 12(b). If the drafters of the Local Rules intended that a motion to dismiss stay the application of L.R. 16-1, they would have said so.

Further, the NCAA does not have a mechanism to dismiss all claims against all Plaintiffs in one stroke. Rather, NCAA reveals that it will make a piecemeal attempt at defeating the Plaintiffs' claims, by arguing that Plaintiff Corcoran does not have standing for injunctive relief; that Plaintiffs Aldrich, Johnson, and Bevins' statutes of limitations have expired and are not subject to tolling; and that the NCAA cannot be liable for vicarious liability for a coach's actions. *See* NCAA Br. at 4. This motion to dismiss, familiar to Plaintiffs, will not dispose of the entire case. *See, e.g., United States ex rel. Robinson v. Indiana Univ. Health Inc,* 2015 WL

3961221, at *7 ("[T]he prospect of [defendant's] motions resolving this case in its entirety is simply not high enough to justify granting a stay").

In fact, the NCAA will likely be precluded from raising issues that have already been decided, such as the statute of limitations. Judge Davila has already concluded that the statute of limitations for Plaintiffs Aldrich, Johnson, and Bevins's claims were tolled under the applicable state laws, sufficient to survive a motion to dismiss. "[C]ourts should refrain from reopening issues decided in earlier stages of the same litigation" and this "applies when a when a case is transferred from one district court to another." *DMC Mach. Am. Corp. v. Heartland Mach. & Eng'g, LLC*, No. 1:17-cv-00369-SEB-MPB, 2018 WL 4590393, at *3 (S.D. Ind. Sep. 25, 2018) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). The NCAA's assertion, that the statute of limitations may be case dispositive relative to their forthcoming motion to dismiss, should not be a consideration here.

The cases cited by the NCAA provide no support for their position because none of the cases involved a delay of the L.R. 16-1 CMP deadline (or a stay of discovery pending a Rule 12(b)(6) motion). *See* NCAA Br. at 3-4. In *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122 (S.D. Ind. 1991), the case deadlines, including the discovery cut-off and a trial date, had already been set. While the scheduling order referenced in the opinion was issued "after over three years of pretrial discovery had been conducted" to "insure completion of any discovery which had not been finalized in the three year life of this case" (*id.* at 124), the court was *not* referring to a CMP under Rule 16 or L.R. 16-1. And *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009), was not filed in this District and thus does not involve Local Rule 16-1. There, the court declined to issue a scheduling order in light of pending motions for summary

judgment, a very different context than an anticipated motion to dismiss after which amendment is typically "freely" allowed pursuant to Fed. R. Civ. P. 15.

In sum, the federal rules, as well as L.R. 16-1, evince a clear policy in favor of advancing litigation expeditiously through precisely the events that the NCAA seeks to delay: a speedy and substantial meet and confer process within 90 days aimed at avoiding unnecessary disputes, and a pretrial conference intended to expedite disposition or settlement of the action, prevent delays, and improve the quality of discovery. *See* Fed. R. Civ. P. 16(a). The relief the NCAA seeks would unnecessarily delay engagement on these and other critical pretrial matters, such as a protective order and protocol for exchanging electronically stored information, initial disclosures, and discovery, thereby creating significant delays in the orderly progress of the case. For these and the above reasons, the NCAA's request to stay the CMP filing and CMC deadline should be denied.

### B. The NCAA has not met its burden to justify a deviation from this District's standard practice allowing discovery to commence notwithstanding a motion to dismiss.

The NCAA also asks that this Court stay discovery until its motion to dismiss is decided, but "a pending motion to dismiss does not typically warrant a stay of discovery." *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 1:11-CV-1108-SEB-TAB, 2013 WL 2406262, at *6 (S.D. Ind. May 31, 2013). *See also SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 945 (7th Cir. 1988) ("we agree that there is no requirement that the discovery cease during the pendency of a motion to dismiss….") (internal quotations and citation omitted).

It is standard practice in this District to allow discovery to commence notwithstanding a pending motion to dismiss. *See, e.g.*, *Red Barn Motors, Inc.,* 2016 WL 1731328, at *3; *CMG Worldwide Inc. v. Adidas Am., Inc.*, No. 1:17-CV-2356-RLM-DML, 2018 WL 7140117, at *3

(S.D. Ind. Sept. 26, 2018) ("This court has no general policy of staying discovery when a motion to dismiss is filed, nor does the filing of a motion to dismiss trigger a presumption that discovery will be stayed."). This conclusion is especially true where, as shown above, the NCAA's anticipated motion to dismiss is unlikely to resolve the case in its entirety. *See EEOC v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108, at *3 (N.D. Ind. Aug. 1, 2012). *See also Red Barn Motors*, 2016 WL 1731328, at *3 ("[A]s a general matter, a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue"); *United States ex rel. Robinson v. Indiana Univ. Health Inc,* 2015 WL 3961221, at *9 ("[T]he prospect of [defendant's] motions resolving this case in its entirety is simply not high enough to justify granting a stay").

In sum, the NCAA cannot meet the elements required to meet its burden for a stay where (i) a stay will unduly prejudice Plaintiffs; (ii) a stay will not simplify the issues; and (iii) a stay will not reduce the burden of litigation on the parties and on the court.

### 1. A stay will prejudice Plaintiffs.

First, the NCAA argues that Plaintiffs will not be prejudiced by any stay. The NCAA claims the case is at its infancy and "no court has adjudicated the substance of any motion to dismiss the pleadings by the NCAA on grounds other than personal jurisdiction." NCAA Br. at 4-5. This paints not even half of the picture; as set out above, the case has been pending for seven months and Judge Davila has already decided the statute of limitations issue in favor of Plaintiffs under Rule 12. Plaintiffs will argue that such determination cannot be revisited.

Tellingly, the NCAA ignores the grave allegations it faces, and the prejudice that would befall Plaintiffs if a stay were imposed. The first sentence of Judge Davila's opinion recognized the seriousness of the case:

> ***The seriousness of the issue before the Court cannot be overstated.***
> In recent years, it has become clear that sexual assault on college campuses is a pervasive problem. Of course, as Larry Nassar demonstrated, sexual assault on college campuses is not limited to peer-to-peer assault; it also occurs between coaches and their athletes. This case focuses on that latter type of sexual assault and addresses the National Collegiate Athletic Association's ("NCAA") responsibility (if any) to prevent sexual misconduct by collegiate coaches.

2020 WL 5255671, at *1 (emphasis added).

Because of the nature of the allegations and the Amended Complaint's request for injunctive relief, Plaintiffs' case should not be stayed. In *United States ex rel. Robinson v. Indiana Univ. Health Inc.,* the court denied the motion for a stay because, in part, the "important public policy" at the heart of the case, where the allegations, if proven "would establish that Defendants … have risked the health of some of society's must vulnerable members…." 2015 WL 3961221, at *7. Those same words apply here. *See also Red Barn Motors*, 2016 WL 1731328, at *3 (this Court should "consider the prejudice to the judicial system as a whole and the prejudice to Plaintiffs from a stay of discovery").

Further, unless NCAA intends to file a motion to dismiss very different from the one it filed in the Northern District of California (contrary to its assertions thus far), then it is not true that it "will move to dismiss purely on legal grounds." NCAA Br. 5. Indeed, many of its arguments, including its failure to state a claim arguments, are highly fact based, which means they cannot be decided on a motion to dismiss.

The cases cited by the NCAA, where the plaintiffs did not claim prejudice, do not lead to a different conclusion. *See* NCAA Br. at 5. For example, *Madbak v. Anthem Ins. Companies Inc.*, No. 1:16-cv-03197, 2017 WL 5075262, at *2 (S.D. Ind. May 23, 2017) (Brookman, J.) involved an insurance coverage dispute where "Plaintiffs did not set forth a direct argument addressing whether the stay would unfairly prejudice or tactically disadvantage Plaintiffs."

Other cases cited by the NCAA involved stays pending decision on a motion for judgment on the pleadings pursuant to Rule 12(c), which by definition under that rule occurs after the pleadings are closed. *See 6100 Pac., LLC v. CWI, Inc.,* No. 3:17-cv-00153, 2018 WL 3127175, at *2 (S.D. Ind. Mar. 16, 2018) (Brookman, J.) (Rule 12(c) motion and plaintiffs did not complain of prejudice); *Gekas v. Vasiliades*, No. 10-3066, 2012 WL 5948679, at *3 (C.D. Ill. Nov. 28, 2012) (Rule 12(c) at issue and the court did not address the issue of prejudice).

Because of the significant prejudice to Plaintiffs from further delay, this Court should deny the NCAA's request to stay discovery and the inquiry should end here.

### 2. A stay will not simplify or streamline the issues.

Likewise, the NCAA's contention that its motion to dismiss will streamline the issues in the case fails. As discussed above, the NCAA does not have a basis for dismissing all claims against all Plaintiffs in one stroke, and its motion to dismiss will not likely be granted in its entirety. *United States ex rel. Robinson v. Indiana Univ. Health Inc,* 2015 WL 3961221, at *7 ("[T]he prospect of [defendant's] motions resolving this case in its entirety is simply not high enough to justify granting a stay"). Even if granted, however, leave to replead will be an option. *See* Fed. R. Civ. P. 15(a).

This is not a case like *Ashley W. v. Holcomb,* No. 3:19-cv-00129-RLY-MPB, 2019 WL 9673894 (S.D. Ind. Oct. 31, 2019) (Brookman, J.) (cited at NCAA Br. at 6), where the court granted the stay because "this Court may not have jurisdiction to consider this litigation." The NCAA acknowledges that its expected motion to dismiss will not argue lack of jurisdiction. NCAA Br. at 2-3. Thus, the NCAA's argument that a stay will simplify the case is an empty promise, because the expected Rule 12 motion will not resolve the entire case.

Further, discovery of the NCAA's knowledge of sexual abuse by coaches and handling of abuse allegations by schools, and its control of NCAA member institutions, will be the same

regardless of which claims survive. As such, a stay will not serve to simplify or streamline discovery here.

### 3. A stay will not reduce the burden of litigation on the parties or this Court.

The NCAA also cannot satisfy the third element to warrant a stay. The NCAA argues that a stay of discovery will conserve resources, but the NCAA's bald assertions of cost without evidence cannot carry the day. *See* FED. R. CIV. P. 26(b), Advisory Committee's Notes (2015). *See also Red Barn Motors*, 2016 WL 1731328, at *3 ("Defendants have failed to make a showing, with affidavits or other supporting evidence, that the discovery requests would impose a substantial burden on NextGear . . . All that Defendants have offered to support their motion are the unsupported statements of counsel in briefs. This is insufficient."); *U.S. ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *4 (a showing of undue burden "typically requires affidavits or other evidence supporting a party's assertions of burden"); *New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) ("[Defendant] provides no clear showing of its burden or cost with any anticipated discovery. Therefore, Defendants' motion to stay discovery is denied.") (citation omitted); *Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, No. 3:08-CV-490-JD, 2012 WL 4049268, at *3 (N.D. Ind. Sept. 12, 2012) (denying discovery stay where "[t]he movants do not provide the Court with any specifics regarding the anticipated costs of providing the discovery or any evidentiary support as to such cost estimates. Rather, the movants make only bald assertions that discovery relative to the claims would be an 'enormous, needless expense.'").

The NCAA is aware of the discovery Plaintiffs desire. *See* NCAA Br. at 6. Plaintiffs will likely seek information relating to, *inter alia,* the NCAA's policies and procedures as to

sexual abuse and rulemaking, its knowledge of abuse by coaches and handling of abuse allegations by schools, and its control of NCAA member institutions. This anticipated discovery is not onerous, has nothing to do with class size, and will be the same irrespective of which claims might survive a motion to dismiss.

Further, the lack of any NCAA policies on the subject and its contention that it does not monitor or police sexual abuse by coaches directly contradicts its contention that such discovery (into information it apparently does not even have or maintain) would be burdensome. Nor has the NCAA offered evidence to show that a stay of discovery, or indeed of any case-related deadlines, is warranted. *See Red Barn Motors*, 2016 WL 1731328, at *2 (party seeking stay bears the burden of showing that discovery stay is warranted).

The cases on which the NCAA relies are distinguishable. In *Panther Brands, LLC v. Indy Racing League, LLC*, No. 1:14-cv-00472, 2014 WL 11411864 (S.D. Ind. Oct. 15, 2014) (cited at NCAA Br. at 5), the defendant estimated the cost of document production and review, and the court found that defendants had shown the discovery would be "voluminous and costly." Moreover, the motion to dismiss had been fully briefed, and plaintiffs' only claim of prejudice was the impending trial deadline. In finding the case a "close question," the court suggested it could alleviate any prejudice to plaintiff by extending the deadlines for good cause. *Id.,* *3. *See also Dillinger, LLC v. Elec. Arts, Inc.*, No. 1:09-cv-01236-SEB-JMS, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) (cited at NCAA Br. at *4) (finding that a discovery stay may ultimately operate to plaintiff's benefit, as a small corporation complaining of litigation costs); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) (cited at NCAA Br. at 5) ("Discovery concerns are particularly great in antitrust

litigation, where discovery can quickly become enormously expensive and burdensome to defendants.") (citation omitted).

This case is more like *United States ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221, at *5, in which the court denied a motion to stay discovery where "Defendants broadly decry the time and expense that they expect will be associated with responding to Relator's requests for production, but they offer no estimate regarding how much time or how much money will be expended."

Indeed, it is the Court's "important and inherent authority and obligation to . . . ensure that litigation proceeds expeditiously…." *Fugate v. Martin*, No. 2:16-cv-00063-JMS-MJD, 2019 WL 2088567, at *5 (S.D. Ind. May 10, 2019). *See also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). In light of NCAA's failure to support its undue burden assertions, this Court should deny its motion to stay discovery.

## CONCLUSION

There is no good cause to vacate the deadline established by the Local Rules to submit the Case Management Plan, delay the initial Case Management Conference, or stay discovery. Accordingly, Defendants' motion should be denied.

Dated: October 26, 2020          Respectfully submitted,

*/s/ Elizabeth A. Fegan*
ELIZABETH A. FEGAN (admitted *pro hac vice*)
beth@feganscott.com
FEGAN SCOTT, LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

LYNN A. ELLENBERGER (admitted *pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT, LLC
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (412) 785-2400

JONATHAN D. SELBIN (admitted *pro hac vice*)
jdselbin@lchb.com
ANNIKA K. MARTIN (admitted *pro hac vice*)
akmartin@lchb.com
RHEA GHOSH (admitted *pro hac vice*)
rghosh@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Lynn A. Toops, No. 26386-49
ltoops@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2020, a copy of the foregoing filed by CM/ECF and served on all counsel of record through the CM/ECF system.

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
