

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Roger A. G. Sharpe, Clerk of Court

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN  46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

November 2, 2021

Elizabeth A. Fegan
FEGAN SCOTT, LLC
150 S. Wacker Dr.
24th Floor
Chicago, IL 60606

Carolyn Hoecker Luedtke
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105

RE:  ERIN ALDRICH, et al v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al

CAUSE NO:  1:20-cv-02310-JRS-MG

Dear Appellants and Appellees:

Please be advised that the Notice of Appeal filed in 1:20-cv-02310-JRS-MG has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| Birch Bayh Federal Building | U.S. Courthouse, Room 104 | Winfield K. Denton Federal Building | Lee H. Hamilton Federal Building |
|---|---|---|---|
| & U.S. Courthouse, Room 105 | 921 Ohio Street | & U. S. Courthouse, Room 304 | & U.S. Courthouse, Room 210 |
| 46 East Ohio Street | Terre Haute, IN 47807 | 101 NW Martin Luther King Blvd. | 121 West Spring Street |
| Indianapolis, IN  46204 | (812) 231-1840 | Evansville, IN 47708 | New Albany, IN 47150 |
| (317) 229-3700 | | (812) 434-6410 | (812) 542-4510 |

November 2, 2021

RE:  ERIN ALDRICH, et al v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al

CAUSE NO:  1:20-cv-02310-JRS-MG

Dear Appellants:

A Notice of Appeal was filed in the above case on September 29, 2021. However, a "Docketing Statement" was <u>not</u> <u>filed</u> along with the Notice of Appeal, as required by <u>Circuit Rule 3(c)</u> of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

Christopher Conway, Clerk
United States Court of Appeals
219 South Dearborn Street, Suite 2722
Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe,
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

   (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

   (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

   (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

   (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

   (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

   NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

ERIN ALDRICH, LONDA BEVINS, )
JESSICA JOHNSON, and BEATA )
CORCORAN, individually and on behalf )
of all others similarly situated, )
 )
   Plaintiffs, )
 )
v. )  No. 1:20-cv-02310-JRS-MG
 )
NATIONAL COLLEGIATE ATHLETIC )
ASSOCIATION and THE BOARD OF )
GOVERNERS OF THE NATIONAL )
COLLEGIATE ATHLETIC )
ASSOCIATION, )
 )
   Defendants. )

## NOTICE OF APPEAL

Notice is hereby given that Erin Aldrich, Londa Bevins, Jessica Johnson, and Beata

Corcoran, Plaintiffs in the above-captioned case, hereby appeal to the United States Court of

Appeals for the Seventh Circuit from the final judgment of this Court entered on September 30,

2021.

Dated: October 29, 2021    Respectfully submitted,


         */s/ Elizabeth A. Fegan*
         ELIZABETH A. FEGAN (admitted *pro hac vice*)
         beth@feganscott.com
         FEGAN SCOTT, LLC
         150 S. Wacker Dr., 24th Floor
         Chicago, IL 60606
         Telephone: (312) 741-1019
         Facsimile: (312) 264-0100

         LYNN A. ELLENBERGER (admitted *pro hac vice*)
         lynn@feganscott.com
         FEGAN SCOTT, LLC

500 Grant St., Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (412) 785-2400

JONATHAN D. SELBIN (admitted *pro hac vice*)
jdselbin@lchb.com
ANNIKA K. MARTIN (admitted *pro hac vice*)
akmartin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Irwin B. Levin, No. 8786-49
ilevin@cohenandmalad.com
Lynn A. Toops, No. 26386-49
ltoops@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on October 29, 2021, a copy of the foregoing filed by CM/ECF and served on all counsel of record through the CM/ECF system.

*/s/ Elizabeth A. Fegan*____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIN ALDRICH, | ) | |
| LONDA BEVINS, | ) | |
| JESSICA JOHNSON, | ) | |
| BEATA CORCORAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02310-JRS-MG |
| | ) | |
| NATIONAL COLLEGIATE ATHLETIC | ) | |
| ASSOCIATION, | ) | |
| BOARD OF GOVERNORS OF THE | ) | |
| NATIONAL COLLEGIATE ATHLETIC | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR
ORAL ARGUMENT**

Unfortunately, this case is not unusual.  This case is about college sports and alleged sexual abuse.  Former NCAA athletes Erin Aldrich, Jessica Johnson, and Londa Bevins ("Aldrich Plaintiffs") report that during their college years, they were targeted, groomed, and abused by their track coach, John Rembao.  These women saw in Mr. Rembao, a well-respected and famous track coach who assisted the United States Olympic Team, a chance to chase their dreams.  He was influential.  He was powerful.  And from 1996 to 2000, the Aldrich Plaintiffs claim that he abused that trust and performed sexual acts on them.

1

Over twenty years later, the Aldrich Plaintiffs and current Princeton rower Beata Corcoran (together with the Aldrich Plaintiffs, the "Plaintiffs") filed this action against Mr. Rembao, the NCAA, and the NCAA's Board of Governors. The claims against Mr. Rembao are not before the Court: the case at bar concerns only the NCAA and the Board of Governors ("Defendants").[1] Plaintiffs allege that Defendants failed to create regulatory safeguards to protect student-athletes from predatory coaches. Plaintiffs' Second Amended Complaint ("SAC"), (ECF No. 116), is over 520 paragraphs long and it brings fourteen claims against Defendants, ranging from negligence and breach of contract to vicarious liability. Defendants have moved to dismiss, (ECF No. 123), and have requested an oral argument to explain their motion, (ECF No. 125).

In assessing a motion to dismiss, the Court accepts all well-pled allegations as true and reads all inferences in a light most favorable to Plaintiffs. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014); *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). For the following reasons, Defendants' Motion to Dismiss, (ECF No. 123), is **granted**. Furthermore, Defendants' Motion for Oral Argument is **denied** as moot. (ECF No. 125.)

---

[1] The Northern District of California is overseeing the proceedings against Mr. Rembao. *Aldrich v. Rembao*, 5:20-CV-01733-EJD (N.D. Cal. 2020).

# I. BACKGROUND

The named Plaintiffs can be split into two groups.  First there are the Aldrich Plaintiffs: Ms. Aldrich; Ms. Johnson; and Ms. Bevins.  The Aldrich Plaintiffs allege that Mr. Rembao sexually abused them when they were student-athletes at the University of Arizona and the University of Texas.  Second, there is Ms. Corcoran, a current student-athlete at Princeton University.  Ms. Corcoran alleges that she faces an increased risk of sexual abuse in the future, given Defendants' alleged inaction. The Northern District of California ("Northern District") previously outlined the allegations of abuse and the Court repeats those facts as necessary throughout this opinion.  *Aldrich v. NCAA*, 484 F. Supp. 3d 779, 784–88 (N.D. Cal. 2020).

The NCAA is an unincorporated association based in Indianapolis, Indiana.  (SAC ¶ 28.)  They act as the governing body for college sports.  (*Id.*)  The Association is made up of over a thousand different colleges and universities, who are referred to as "member institutions." (*Id.* at ¶ 82.)  NCAA's member institutions are organized into three levels: Division I, Division II, and Division III.  (*Id.*)

The NCAA's highest governing body is the NCAA Board of Governors.  (*Id.* at ¶ 30.)  The Board oversees association-wide issues and is responsible for ensuring that each division of the NCAA "operates consistently with the basic purposes, fundamental policies and general principles of the Association." (*Id.*)  The Board can set policies for the NCAA, as can the individual divisions.  (*Id.* at ¶ 32.)

3

## II. PROCEDURAL HISTORY

The Aldrich Plaintiffs originally filed this case in the Northern District of California, against Mr. Rembao and Defendants.  (Compl., ECF No. 1.)  That court dismissed the claims against Defendants for lack of personal jurisdiction and transferred those claims here under 28 U.S.C. § 1406.  *Aldrich*, 484 F. Supp. 3d at 796.  After the transfer, Plaintiffs filed the SAC, (SAC, ECF No. 116), and Defendants moved to dismiss and/or strike the SAC under Federal Rules 12(b)(1) and 12(b)(6).  (Defs.' Mot., ECF 123.)  Defendants also requested oral argument for their Motion.  (Mot. for Oral Argument, ECF No. 125.)  Plaintiffs filed a response to the Motion, (Pls.' Br., ECF No. 128), and Defendants filed a Reply.  (Defs.' Reply, ECF No. 129.)

On September 8, 2021, the Court ordered the parties to file a joint jurisdictional statement (or competing jurisdictional statements if they could not agree) explaining why the Court has jurisdiction under the Class Action Fairness Act ("CAFA").  28 U.S.C. § 1332(d)(2).  The parties filed a joint jurisdictional statement on September 14, 2021, explaining how this Court has subject matter jurisdiction.[2]  (Joint Jurisdictional Statement, ECF No. 150.)

---

[2] The Court is grateful to the parties for jointly addressing this issue on an abbreviated timetable.

### III. STANDARD OF REVIEW

Defendants object to the SAC under Rule 12(b)(1) and 12(b)(6).  Objections to standing under Rule 12(b)(1) can be phrased as either facial challenges or factual challenges.  *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).  "[A] facial challenge argues that the plaintiff has not sufficiently *alleged* a basis of subject matter jurisdiction." *Id.* (quoting *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)) (emphasis in original).  In reviewing a facial challenge, the court must accept all well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Id.*  Here, Defendants raise a facial challenge to the SAC.  (Defs.' Br. 14, ECF No. 124.)

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must allege sufficient factual matter to state a claim to relief that is plausible on its face." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (quoting *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (per curiam)).  The Court accepts all well-pled facts in the SAC as true and ignores the legal conclusions and threadbare recitals of the elements.  *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court also reads all facts and reasonable inferences in the light most favorable to the nonmoving party.  *Reed v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018).

As laid out by the parties to the satisfaction of the Court, (Joint Jurisdictional Statement, ECF No. 150), the Court has jurisdiction under the CAFA.  28 U.S.C. §

1332(d)(2).  Plaintiffs have sufficiently pleaded that the class has more than 100 members and that a member of the class is a diverse citizen of Defendants.  Plaintiffs have also provided a good faith estimate of the amount in controversy and have plausibly explained how that amount exceeds $5,000,000.  *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) (citing *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763–64 (7th Cir. 2011)) (illustrating CAFA's requirements and noting that a good-faith estimate with explanation satisfies the amount in controversy requirement).  (SAC ¶ 17, ECF No. 116; Joint Jurisdictional Statement, ECF No. 150.)

## III. DISCUSSION

Defendants raise several arguments against the SAC.  Three of the objections—standing, timeliness, and proper defendant entity—are global and apply to the entire SAC.  The remaining objections are all failure to state a claim arguments under Rule 12(b)(6), each one targeting a different claim brought by Plaintiffs.  The Court begins with the global arguments, and then proceeds to the 12(b)(6) arguments.

### A. Standing

Defendants argue that all four Plaintiffs lack standing to pursue injunctive relief, and that Ms. Corcoran lacks standing, period.  *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)) ("A plaintiff bears the burden of showing that she has

standing for each form of relief sought.")  Plaintiffs have only defended Ms. Corcoran's standing for injunctive relief; they have made no arguments regarding the other named Plaintiffs or regarding Ms. Corcoran's standing for damages; namely, Counts 1–7. (Pls.' Br. 13–19; Defs.' Reply 5.)  Failure to respond results in waiver, thereby conceding that she lacks standing to seek damages. *See Alito v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (waiver applies where a litigant does not respond to alleged deficiencies in a motion to dismiss).[3]  Thus, the Court dismisses Ms. Corcoran's claims as they relate to Counts 1–7 and turns to the only real standing dispute: whether Ms. Corcoran has standing for injunctive relief.

Article III standing requires prospective plaintiffs to satisfy a three-part test laid down by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Namely, plaintiffs are required to have "suffered an injury in fact" that is concrete, particularized, and actual or imminent, and not merely "conjectural" or "hypothetical". *Id.*  There must also be a causal link between the injury and the conduct alleged, and it must be "likely, as opposed to merely speculative" that the injury will be remedied by a judicial decision. *Id.*  To show an injury in fact based on

---

[3] Even if standing for damages had not been waived, the Court would not find standing here.  While standing for injunctive relief and standing for damages are distinct arguments, *see e.g.*, *Simic v. City of Chicago*, 851 F.3d 734, 737–40 (7th Cir. 2017) (addressing both analyses), standing for damages based on an increased risk of harm must still demonstrate a "sufficient likelihood" of future harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2212 (2021) (no damages standing where plaintiffs "did not demonstrate a sufficient likelihood" that they would be harmed in the future.)  Thus, even if Ms. Corcoran had preserved a standing argument for damages, it would fail for the same reason her injunctive standing arguments do.

an increased risk of future harm, there must be "certainly impending future harm." *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016) (quoting *Clapper v. Amnesty Int'l USA*, 567 U.S. 398, 422 (2013)).  Put another way, there must be "a substantial risk that the harm will occur" and the risk cannot be too speculative.  *Prosser v. Becerra*, 2 F.4th 708, 714, 715 (7th Cir. 2021) (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2251, 2565 (2019)).

Ms. Corcoran does not allege she has been sexually assaulted or otherwise injured by her Princeton rowing coaches.  (SAC ¶ 24).  In lieu of a physical injury, she alleges she has been injured by the increased risk of sexual assault she faces as a student athlete.  (*Id.* at ¶ 26.)  Here, the risk of sexual abuse does not meet that high bar for standing.  Ms. Corcoran's injury is too hypothetical and speculative.  Defendants cite *Plotkin v. Ryan* and the Court finds that case illuminative.  239 F.3d 882 (7th Cir. 2001).  In *Plotkin*, Illinois Secretary of State's Office was accused of accepting bribes in exchange for commercial drivers' licenses.  *Id.* at 883. The plaintiff brought a § 1983 claim against the former Secretary of State and argued that he suffered injury "in the form of an increased risk of accidents because of unqualified drivers [with] illegally obtained commercial drivers' licenses." *Id.* at 886.  The Seventh Circuit was not persuaded.  The panel held that the risk was "too speculative and generalized" to show an injury-in-fact.  *Id.*

Here, Ms. Corcoran's case is similar to *Plotkin*; Ms. Corcoran cites a speculative risk based on the lack of NCAA regulations, much in the same way that *Plotkin* cited

8

a speculative risk of increased accidents due to the lack of driving regulation. Plaintiffs argue that the NCAA has admitted that there is a risk of sexual abuse by coaches, (SAC ¶¶ 53–57), but that still does not get to the problem here: the risk is too speculative and does not approach the "certainly impending" or "substantial risk" standard.

In their brief, Plaintiffs cite several cases that speak to the high level of risk needed to properly allege standing under an increased risk of injury theory. (Pls.' Br. 14-15, ECF No. 128 (citing *Powell v. Illinois*, No. 18-6675, 2019 WL 4750265, at *8 (N.D. Ill. Sept. 30, 2019); *Doe v. Univ. of Tennessee*, 186 F. Supp. 3d 788, 812-13 (M.D. Tenn. 2016)).) However, these examples best serve to illustrate exactly how high the bar is for Plaintiffs. Ms. Corcoran's allegations simply cannot clear this high of a bar. She has not alleged she faces the sorts of "acute" risks the plaintiffs in *University of Tennessee* faced as members of a specific local institution that had a lengthy history of covering up sexual abuse, nor the localized and specific risks the plaintiffs in *Powell* faced as residents of a specific neighborhood with ongoing gun violence mere blocks away. Rather, Ms. Corcoran's alleged increased risks are far too generalized, broad and remote to qualify as an injury in fact. These increased risks would stretch the "imminent injury" requirement beyond its purpose. After all, the purpose of the imminence of injury standard is to "ensure that the alleged injury is not too speculative for Article III purposes." *Lujan*, 504 U.S. at 565 n.2.

9

Ms. Corcoran alternatively argues that she has standing based on her breach of contract claims. Plaintiffs say that the Court should do as the Northern District of Illinois did in *Dinerstein v. Google* and find standing when a complaint sufficiently alleges a breach of contract. 484 F. Supp. 3d 561, 571 (N.D. Ill. 2020) (Pls.' Br. 19.) This is a novel argument that is still percolating in Seventh Circuit courts.

Defendants argue that this theory cannot hold because Plaintiffs have not argued the causation and redressability prongs of Article III standing. The Court tends to agree. While it is possible that Ms. Corcoran could have standing based on breach of contract, she has not convinced the Court that her breach of contract can satisfy those prongs. Indeed, the cases she cites only dispute the concrete injury aspect of standing; the parties in those cases did not contest the other elements of standing like Defendants do here. *See Dinerstein,* 484 F. Supp. 3d 561, No. 1:19-cv-04311 (N.D. Ill. 2020) (Def. Google LLC's Memo. at 5–6, ECF No. 46); *Dinerstein,* 484 F. Supp. 3d 561, No. 1:19-cv-04311 (N.D. Il. 2020) (Def. Univ. of Chi. Memo. at 4–8, ECF No. 44); *Springer v. Cleveland Clinic Emp. Health Plan Total Care*, 900 F.3d 284, 287 (6th Cir. 2018). (*See* Defs.' Br. 16 (addressing traceability and redressability)). Ms. Corcoran has not carried her burden of showing standing.

For these reasons, the Court holds that Ms. Corcoran does not have standing to seek injunctive relief in this case. Since no other Plaintiff has such standing, the Court thus dismisses Count 14 from the SAC and strikes the request for injunctive

relief from the SAC.  (SAC § VIII.C.)  The Court also dismisses all of Ms. Corcoran's claims for want of standing.

## B. Timeliness

The Court must now wrestle with the statute of limitations.  Normally, statute of limitations arguments are not appropriate for motions to dismiss.  *See Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.,* 782 F.3d 922, 928 (7th Cir. 2015).  A statute of limitations defense is appropriate "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense."  *Id.* (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)).  As long as there is a plausible theory that would defeat a statute-of-limitations defense, "questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record."  *Id.* (citing *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992)).   At this stage, Plaintiffs receive the benefit of imagination, so long as the hypotheses are consistent with the SAC.  *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007)).

The applicable statute of limitations rules come from state substantive law.  *See Hollander v. Brown*, 457 F.3d 688, 691–92, 694 (7th Cir. 2006) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–53 (1980)).  Thus, the Court looks to Indiana law for

11

the statute of limitations, its exceptions, and its rules on equitable relief.  *See id*. at 694.

The statute of limitations in Indiana are as follows: for contracts in writing, ten years, Ind. Code Ann. § 34-11-2-11; and for contracts not in writing, six years, Ind. Code Ann. § 34-11-2-7.  Indiana courts view statutes of limitations favorably, finding that such rules "rest upon sound policy and tend to the peace and welfare of society.'" *Shideler v. Dwyer*, 417 N.E.2d 281, 283 (Ind. 1981) (citing *Horvath v. Davidson*, 264 N.E.2d 328 (Ind. Ct. App. 1970)).

If the statute of limitations has run, a plaintiff may still have an actionable claim if an equitable doctrine intervenes.  Fraudulent concealment and equitable estoppel are two such doctrines that can stop a statute of limitations defense.  *See, e.g.*, *Hughes v. Glaese*, 6659 N.E.2d 516, 519 (Ind. 1995) (explaining fraudulent concealment); § 39.9. Equitable estoppel, 22A Ind. Prac., Civil Trial Practice § 39.9 (2d ed.) (noting the differences).

In response to Defendants argument that the statute of limitations has run for the Aldrich Plaintiffs, (Defs.' Br. 6–13, ECF No. 124), the Aldrich Plaintiffs raise two counterarguments.  On the one hand, Ms. Aldrich counters that under the discovery rule and the law of the case doctrine, her cause of action accrued in 2019 and is therefore timely.  (Pls.' Br. 5–9, ECF No. 128.)  Ms. Bevins and Ms. Johnson, on the

other hand, argue that fraudulent concealment or equitable estoppel toll their statute of limitations.  The Court addresses these arguments one at a time below.

### 1. Ms. Aldrich's Timeliness

Ms. Aldrich's first argument involves the discovery rule, but the parties disagree about what that rule requires.  Defendants believe that, under *Doe v. Shults-Lewis Child & Family Services, Inc.*, 718 N.E.2d 738, 747 n.3 (Ind. 1999), if Ms. Aldrich remembered the sexual violence inflicted by Mr. Rembao, then the statute of limitations ran at the time of the abuse.  (Defs.' Br. 7-8; Defs.' Reply 2-3.)  *Shults-Lewis* was a case involving childhood sexual abuse.  There, the Indiana Supreme Court dismissed the claim of an adult woman who remembered her childhood sexual abuse, holding that "[w]here the plaintiff actually retains memories of the event, there is nothing to cause a delay in the commencement of a cause of action. There was nothing to prevent the plaintiff from bringing her claim when her legal disability ended at age eighteen."  *Id.*  The Seventh Circuit applied this rule in another childhood sexual abuse case, *Doe v. Howe Military School*, where two plaintiffs remembered being sexually abused by schoolteachers as children.  27 F.3d 981 (7th Cir. 2000).  The Seventh Circuit held that their claims accrued upon the abuse occurring, as "nothing prevented them from asserting their claims during the [time] after they reached majority."  227 F.3d 981, 989 (7th Cir. 2000).

13

Ms. Aldrich does not attempt to distinguish *Shults-Lewis*.  Instead, she offers a competing rule: that Indiana's statute of limitations does not run until "the time that damage is or could be ascertained."  (Pls.' Br. 7.)  Plaintiffs point to *Hildebrand v. Hildebrand* to support this argument.  736 F. Supp. 1512 (S.D. Ind. 1990).

The Court finds that the ascertainable damage rule best applies here, and that *Shults-Lewis* is distinguishable, although the result here would be the same under either rule.  First, the ascertainable damage rule has been cited much more frequently in Indiana courts.  *See, e.g.*, *Robertson v. State*, 141 N.E.3d 1224, 1227 (Ind. 2020) (quoting *Cooper Indus., LLC v. City of S. Bend*, 889 N.E.2d 1274, 1280 (Ind. 2009) ("[i]t is not necessary under this rule that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred"); *Riddle v. Khan*, 168 N.E.3d 1017 (Ind. Ct. App. 2021) (1983 claim); *see also Ruckelshaus v. Cowan*, 963 F.3d 641 (7th Cir. 2020) (legal malpractice cases).  Even Defendants cite the "ascertainable" language.  (Defs.' Reply 3 (citing *LaCava v. LaCava*, 907 N.E.2d 154, 162 (Ind. Ct. App. 2009)).)

Second, the Court is unable to find any Indiana cases which apply *Shults-Lewis*'s memory retention rule outside the context of childhood sexual abuse.  Whereas the ascertainable damage rule appears to apply across tort law, *Shults-Lewis* appears to be limited to this subset of cases.

14

Third, reading *Shults-Lewis* as narrow makes sense in light of the ascertainable damage rule.  In *Shults-Lewis*—and in *Howe Military*—the plaintiffs were sexually abused as children.  Child sex abuse is *per se* ascertainable; all adults know that when adults perform sexual acts on children, it is injurious.  In those cases, the plaintiffs remembered the sexual acts.  Thus, when they turned eighteen, because of this universal understanding, damage was ascertainable to them.  Because of this *per se* understanding, the ascertainable damage rule explains *Shults-Lewis*'s holding.

The Court's opinion is also corroborated by the black letter rule in Indiana: that a cause of action accrues "when the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that it has been injured from tortious conduct." *City of Marion v. London Witte Grp., LLC*, 169 N.E. 3d 382, 390 (Ind. 2021) (citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)).  Looking to see if damage is ascertainable falls perfectly in line with seeing if a plaintiff knows, or *could have discovered through ordinary diligence*, whether the plaintiff suffered an injury from a tortious cause.

In sum, the Court declines to apply the child sexual abuse rule from *Shults-Lewis* to adult sexual abuse cases.  Instead, the Court applies the ascertainable damage rule.  Thus, the Court turns to see if there is a plausible claim to relief—i.e., is there

15

a plausible claim that there was no ascertainable damage to Ms. Aldrich until, at minimum, 2010.[4]

Here, reading the facts in the light most favorable to Plaintiff, Ms. Aldrich does not state a plausible claim that she could not have ascertained damage until 2010. Mr. Rembao began recruiting Ms. Aldrich when she was a sophomore or junior in high school.  (SAC ¶ 167.)  He would send Ms. Aldrich gifts and make nightly phone calls to her once she committed to Mr. Rembao's school, the University of Arizona. (SAC ¶¶ 170–71.)  When Ms. Aldrich was invited to compete for Team USA in Australia in 1996, Ms. Aldrich's family paid to send Ms. Aldrich and Mr. Rembao to Australia for the competition.  (SAC ¶ 177.)  While on the airplane to Australia in August 1996, Mr. Rembao covered Ms. Aldrich with a blanket, fondled her, and penetrated her vaginally with his fingers.  (SAC ¶¶ 178–80.)  Ms. Aldrich, in her words, "submitted" to the touching.  (SAC ¶ 179.)  From there, the sexual attacks continued.  Between 1996 and 1997, Mr. Rembao would perform oral sex on Ms. Aldrich in his office, at his home, in his car, on road trips, and at competitions.  (SAC ¶ 183.)  Ms. Aldrich's roommate caught Mr. Rembao in Ms. Aldrich's dorm in the spring of 1997 and reported it to the University.  (SAC ¶¶ 189–91.)  This incident led to Mr. Rembao's departure from the University of Arizona.  (SAC ¶ 191.)  While Ms. Aldrich says that she did not recognize that she had been abused until 2019, (SAC ¶

---

[4] The longest statute of limitations in this case is ten years.  Ind. Code Ann. § 34-11-2-11 (contracts in writing; ten years)

205), given these facts, damage should have been ascertainable to Ms. Aldrich even before 2000.  The incident on the airplane is the most alarming: while Ms. Aldrich may have trusted Mr. Rembao, the nature of that incident, the relationship between them, her isolation on an airplane outside the United States, away from her parents or any other support figures, should have made damage ascertainable with at least some ordinary diligence.  Certainly, the wrong reported by the roommate and subsequent departure of Mr. Rembao would indicate to a reasonable person that he had engaged in misconduct with Ms. Aldrich.  In light of these incidents, Ms. Aldrich does not have a plausible claim that she could not, at the least, have ascertained *some* damage or injury by 2010.

The Court is sympathetic to Ms. Aldrich's plight, finding the abuse she suffered to be deplorable.  But the law in Indiana is to determine when a plaintiff could ascertain some damage.  Given the facts here, a reasonable person would have understood that they were injured by another.  *See Doe v. United Methodist Church*, 673 N.E.2d 839, 842-44 (Ind. Ct. App. 1996) (statute of limitations ran where the plaintiff did not recognize the sexual acts as abuse, but did recognize that they were wrong morally, socially, and maybe even legally).  Thus, Ms. Aldrich's discovery rule arguments do not present a plausible claim which obviates the statute of limitations.

But, Ms. Aldrich argues that Arizona law is the law of the case.  Arizona has a statute of limitations exception, known as the "unsound mind" exception, which declares that a cause of action does not accrue until one "understand[s] his legal

17

rights or liabilities." *Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998) (en banc); *see* A.R.S. § 12-502. Ms. Aldrich maintains that Arizona law applies because the Northern District of California applied it to the Defendants' earlier motion to dismiss. *See Aldrich*, 484 F. Supp. 3d at 797–99. Ms. Aldrich argues that this prior Order sets Arizona law as the law of the case, and thus, this Court should apply the unsound mind rule, or at least be persuaded by it. Defendants argue that Arizona law cannot be the law of the case because the Northern District did not decide this issue. (Defs.' Reply 2, ECF No. 129.)

Law of the case doctrine "is a rule of practice, based on sound policy [which holds] that, when an issue is once litigated and decided, that should be the end of the matter." *Creek v. Vill. Of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) (quoting *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982)). "An actual decision of an issue is required to establish the law of the case." *Surprise v. Saul*, 968 F.3d 658, 663 (7th Cir. 2020).

Law of the case doctrine does not apply here. The Northern District of California did not decide whether Ms. Aldrich's *claims against the NCAA and its Board* were timely. The transferor court only looked to Ms. Aldrich's claims against Mr. Rembao. *Aldrich*, 484 F. Supp. 3d at 797–99. The question of timeliness regarding the NCAA claims has not been litigated and decided. *Gilbert v. Ill. State Bd. Of Educ.*, 591 F.3d 896, 903 (7th Cir. 2010) (citing *FMS, Inc. v. Volvo Const. Equipment N.A., Inc.*, 557 F.3d 758, 762-63 (7th Cir. 2009)) ("the law-of-the-case doctrine does not come into

18

play when the transferor judge never decided the precise issue that is before the successor judge") *Creek*, 144 F.3d at 445.  Moreover, the Northern District could not have decided that issue,  as that court lacked personal jurisdiction over the NCAA. *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103, 1104 (N.D. Ill. 2015) (citing *be2 LLC v. Ivanov*, 642 F.3d 555, 557 (7th Cir. 2011)) (noting that if a court lacks *in personam* jurisdiction, they cannot reach Rule 12(b)(6) issues).  Just because one claim against one defendant involved looking to Arizona law does not mean that Arizona law applies to all claims and defendants in the case.  *See Chicago Joe's Tea Room, LLC v. Vill. Of Broadview*, 894 F.3d 807, 818 (7th Cir. 2018) (law of the case only applies where the "*precise issue*" was decided before hand); *Gilbert*, 591 F.3d at 903 (same); *Stewart v. Beach*, 701 F.3d 1322, 1328 n.6 (10th Cir. 2012) (holding that law of the case cannot apply to a defendant who was not before the court in the prior case). Since the issue has not been decided in this case, law of the case doctrine does not apply here.

Since there is no plausible claim that would defeat the statute of limitations defense, the Court finds Ms. Aldrich's action untimely and dismisses her claims.

Even if *Shults-Lewis* applied, the result here would be the same.  Under *Shults-Lewis*, "[w]here the plaintiff actually retains memories of the event, there is nothing to cause a delay in the commencement of a cause of action."  718 N.E.2d at 747 n.3. The SAC avers that Ms. Aldrich repressed "the majority" of her memories regarding Mr. Rembao's sexual acts *after* she left the University of Arizona in January 1998.

19

(SAC ¶¶ 198, 345.)  The SAC does not say that Ms. Aldrich repressed her memory before then.  Defendants point out that, based on this wording, from August 1996 to January 1998, Ms. Aldrich retained her memories of Mr. Rembao's actions.  (Defs.' Br. 7.)  Ms. Aldrich only offers one sentence in response to this argument, saying that it is a non sequitur.  (Pls.' Br. 8–9.)  She cites no authority and no portions of the SAC to dispute Defendants reading.

The plain import of that paragraph in the SAC is that for a seventeen-month time period, Ms. Aldrich knew the sexual acts occurred and retained *all* memories of the violence.  Since Ms. Aldrich retained memories of the violence, the *Shults-Lewis* rule would squarely bar her claims, as nothing prevented Ms. Aldrich from filing a claim when she had such memories.[5]

Ms. Aldrich argues that, under *Fager v. Hundt* and *LaCava v. LaCava*, a case should survive a motion to dismiss where the plaintiff has a partially repressed memory.  *Fager*, 610 N.E.2d 246, 252 (Ind. 1993); *LaCava*, 907 N.E.2d 154, 165 (Ind. Ct. App. 2009).  Even if this was the rule, Ms. Aldrich's allegations do not plead a plausible timely claim.  All of Mr. Rembao's sexual actions occurred between August 1996 and January 1998.  (SAC ¶¶ 177–98.)  Ms. Aldrich alleges no sexual acts after January 1998.  (SAC ¶¶ 198–207.)  As stated above, Ms. Aldrich has not cited any

---

[5] The Court recognizes that this language from the Indiana Supreme Court oversimplifies the difficulty in making allegations of sexual abuse.  The Court repeats this language because it is operative and does not mean to imply that Ms. Aldrich could easily, without pressure, stress, or fear, file a claim closely Mr. Rembao harmed her.

part of the SAC which alleges that she repressed her memories *during* that 1996–98 window.  Ms. Aldrich only alleges that she repressed those memories after the fact. Thus, since she retained memories of those tortious acts at the time, her claims accrued then under *Shults-Lewis*.  Still, the Court has not relied on this standard here.

### 2. Ms. Johnson and Ms. Bevin's Timeliness

Ms. Johnson and Ms. Bevins do not repeat Ms. Aldrich's arguments.  Instead, they argue that their claims are timely under the doctrines of equitable estoppel, equitable tolling, and fraudulent concealment.  They say these doctrines apply for two reasons. First, they apply because the NCAA knew about "the prevalence of coaches" who used their power over students to commit sexual violence but did not notify student-athletes of this pattern.  Second, Plaintiffs say these doctrines apply because UT-Austin performed a "sham" investigation into Mr. Rembao and led Plaintiffs to believe that their claims were meritless.  The Court finds that neither reason warrants equitable relief here.

#### i. Fraudulent Concealment

Fraudulent concealment estops a statute of limitations defense "whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim." *Shults-Lewis*, 718 N.E.2d at 744.  Here, Plaintiffs argue that the NCAA passively concealed the prevalence of abusive coaches.  (Pls.' Br. 10,

ECF No. 128 (The NCAA "was on notice," but "chose to ignore the issue").  "Passive fraudulent concealment requires (1) a relationship between the parties such that the defendant has a duty to disclose the alleged wrongful act to the plaintiff and (2) a breach of that duty."  *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260–61 (Ind. 2014) (citing *Guy v. Schuldt*, 138 N.E.2d 891, 895 (1956)).  Such a relationship could be a confidential or fiduciary relationship.  *Gittings v. Deal*, 109 N.E.3d 963, 973 (Ind. 2018).

Starting with the first theory: that Defendants committed fraudulent concealment by not disclosing that there was a high number of coaches committing sexual abuse. Passive concealment hinges on what kind of relationship is present between the NCAA and Plaintiffs and whether such a relationship creates a duty to disclose. *Lyons*, 19 N.E.3d at 260.

"A confidential or fiduciary relationship exists when confidence is reposed by one party in another with resulting superiority and influence exercised by the other." *Butler v. Symmergy Clinic, PC*, 158 N.E.3d 407, 414 (Ind. Ct. App. 2020) (quoting *Kalwitz v. Estate of Kalwitz*, 822 N.E.2d 274, 281 (Ind. Ct. App. 2005)).  At bottom, these relationships require an unusually high degree of care, like "attorney and client, guardian and ward, principal and agent, pastor and parishioner, husband and wife, and . . . parent and child.  *Leever v. Leever*, 919 N.E.2d 118, 123 (Ind. Ct. App. 2009); *Fiduciary Relationship*, *Black's Law Dictionary* (11th ed. 2019).  Whether a fiduciary relationship exists is a question of fact in Indiana.  *Kapoor v. Dybwad*, 49

22

N.E.3d 108, 129 (Ind. Ct. App. 2015) (quoting *Paulson v. Centier Bank*, 704 N.E.2d 482, 490 (Ind. Ct. App. 1998)).

Here, Ms. Johnson and Ms. Bevins allege that there was a fiduciary relationship "founded upon trust and confidence between the NCAA and its student-athletes." (SAC ¶ 434.)  Ms. Johnson and Ms. Bevins argue that this relationship was formed when the NCAA "actively promoted itself as providing a safe and nurturing environment for its student-athletes." (*Id.*)  They believed that the NCAA would both require member institutions to keep their coaches from committing sexual abuse and that the NCAA would inform the public of any allegations or concerns relating to sexual abuse by coaches. (SAC ¶¶ 88–89, 435–36.)

The NCAA, obviously, disagrees.  It argues that there are insufficient facts to show a relationship of confidence.  And the Court agrees.  The Court is not convinced there are sufficient facts to plead a fiduciary relationship between the two.  There is certainly trust between Plaintiffs and the NCAA, but "trust is not enough." *Zimmer Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-355-TLS, 2017 WL 3315135, at *6 (N.D. Ind. Aug. 2, 2017).   Here, Ms. Johnson and Ms. Bevins do not plead a close, confidential relationship with the NCAA. *See Olcott Int'l. & Co. v. Micro Data Base Sys., Inc.*, 793 N.E.2d 1063, 1073 (Ind. Ct. App. 2003) (no fiduciary duty where parties lacked a "close-knit" intertwined business relationship).  Ms. Johnson and Ms. Bevins have cited no cases in which a similar relationship imposed a fiduciary duty, and the Court is unable to find any.  Moreover, their only cited case

23

is distinguishable.  In *Reginald Martin*, the plaintiffs were brokers contracted to sell insurance for the defendant company and were in the midst of a contract extension negotiation with the defendant.  *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 388 F. Supp. 2d 919 (S.D. Ind. 2005).  As part of negotiations, the company shared confidential information with the brokers.  *Id.* at 928.  Here, Ms. Johnson and Ms. Bevins allege only that they unilaterally trusted the NCAA to create positive and safe environments.  There is no sharing of confidential information here like there was in *Reginald Martin*, making this case distinguishable.  In sum, there is insufficient factual allegations to plead fiduciary duty.

Yet, Ms. Johnson and Ms. Bevins also claim that the UT-Austin investigation fraudulently concealed their causes of action.  (Pls.' Br. 10–12, ECF No. 128.)  But fraudulent concealment only applies where a *defendant* engages in concealing a cause of action.  *See Lyons*, 19 N.E.3d at 260 ("Fraudulent concealment is an equitable doctrine that operates to estop a *defendant* from asserting the statute of limitations as a bar to a claim whenever the *defendant* . . . has either, by deception or by violation of duty, concealed from the plaintiff material facts . . . ." (emphasis added)).  Here, the alleged concealment was  done by UT-Austin, not by the NCAA.  Plaintiffs argue that UT-Austin was an agent or representative of the NCAA, but that argument lacks SAC support.  (Pls.' Br. 12, ECF No. 128.)  Here, the SAC does not allege any connection between UT-Austin and the NCAA.  (SAC ¶¶365–79, ECF No. 116.)  The SAC does not point to any relationship between the two entities and does not outline

24

any facts showing that UT-Austin was benefiting the NCAA or was subject to the NCAA's control. *See* Restatement (Third) of Agency § 1.01 (defining agency). Thus, the SAC does not plead a plausible defense to the statute of limitations.

### ii. Equitable Estoppel

Ms. Bevins and Ms. Johnson also urge that their statute of limitations should be tolled under equitable estoppel. Equitable estoppel is distinct from fraudulent concealment even though they are often used interchangeably. *See Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 56 N.E.3d 38, 44–45 (Ind. Ct. App. 2016). Like fraudulent concealment, silence only tolls the statute of limitations where there is a duty to speak. *See, e.g.*, *Town of New Chi. v. City of Lake Station ex rel. Lake Station Sanitary Dist.*, 939 N.E.2d 638, 653 (Ind. Ct. App. 2010).

Ms. Bevins and Ms. Johnson argue that the same two factual scenarios above— the concealing of other sexual abuse instances and the UT-Austin investigation— warrant equitable tolling. Defendants fiercely attack the UT-Austin angle, and the Court agrees with Defendants. For the same reasons above regarding agency, the Court cannot toll the statute of limitations based on the conduct of UT-Austin.

Regarding the prevalence of sexual abuse theory, Defendants argue that there is no duty for Defendants to inform student-athletes of other sexual abuse cases. (Defs.' Reply 3, ECF No. 129.) The Court agrees. Consistent with the fiduciary analysis listed above, there is no duty giving rise to a duty to disclose. Indeed, wholly lacking

25

are any pleaded facts indicating a plausible fiduciary relationship between the parties. Thus, equitable tolling does not apply because the silent party here did not have a duty to speak. *Town of New Chi.*, 939 N.E.2d at 653.

But, Ms. Johnson and Ms. Bevins cite *Langston v. Mid-American Intercollegiate Athletics Association* to support their position that the NCAA's silence creates equitable estoppel. 448 F. Supp. 3d 938, 950 (N.D. Ill. 2020). *Langston* is distinguishable for at least two reasons. First, *Langston* dealt with Kansas law, not Indiana law. Second, the defendants in *Langston* did not even dispute whether the NCAA had a duty to disclose information about concussions. NCAA Mem., *Langston*, No. 1:17-cv-04978, 448 F. Supp. 938 (N.D. Ill. 2020) (contesting only the contract claims, not the negligence claim).

Ms. Bevins and Ms. Johnson pose one further theory to skirt the statute of limitations, arguing that this Court should create a novel exception in equity for "victims of sexual abuse in instances where the abuser is in a recognized position of power over their victims, like an NCAA coach over a student-athlete." (SAC ¶ 384.) Plaintiffs say that this exception would toll the limitations period "until the victim[s] can identify the conduct for what it was: sexual abuse." (SAC ¶ 384; Pls.' Br. 12.) The Court need not create such an exception now, because that rule would not save Ms. Johnson's and Ms. Bevin's claims. Ms. Johnson filed a formal complaint against Mr. Rembao in June 2000, and Ms. Bevins served as a witness in that investigation. (SAC ¶¶ 320, 365.) Thus, Ms. Johnson and Ms. Bevins recognized that they were

26

victimized—or in the words of the SAC, abused—back in 2000. Thus, their proposed exception would not save their claims. In conclusion, the Court finds no plausible timely claim for Ms. Johnson and Ms. Bevins and therefore dismisses the claims brought by them.

### C. Proper Defendant

Defendants argue that the Board of Governors ("Board") is not an entity capable of being sued. (Defs.' Br. 17.) A defendant must have the legal capacity to be sued. Fed. R. Civ. P. 17(b). For entities that are not individuals or corporations, capacity to sue or be sued is a matter of state law. Fed. R. Civ. P. 17(b)(3). Plaintiffs concede that Indiana does not have a statute allowing for suits against a board of directors of unincorporated association. (Pls.' Br. 19.) They have not located any Indiana cases recognizing a comparable board either. Instead, Plaintiffs cite a case from New Jersey that found a hospital's Medical Executive Committee capable of being sued. *Nahas v. Shore Med. Ctr.*, No. 13-6537, 2018 WL 1981474, at *1 (D.N.J. Apr. 27, 2018). Plaintiffs point to *Nahas* and say that New Jersey has a similar statutory scheme to Indiana. (Pls.' Br. 19–20.) But in *Nahas,* the court noted that New Jersey had a statute which set a standard for evaluating capacity. That standard is what made the entity in that case suable. Plaintiffs have not located a similar statute or standard in Indiana. In any event, while the Board of Governors may have some comparable characteristics to groups recognized in New Jersey, *see Nahas*, 2018 WL 1981474, at *9 (listing qualities of entities with capacity), Rule 17(b) requires the

27

Court to look to Indiana state law.  Not only have Plaintiffs failed to cite any persuasive Indiana authority that the Board is a suable entity in Indiana, but contrary authority exists.  *See Manassa v. NCAA*, No. 1:20-cv-03172-RLY-MJD (S.D. Ind. Sept. 13, 2021), ECF No. 42 (holding that the NCAA Board of Governors is not a suable entity under Indiana law).  Accordingly, the Court declines to find the Board to be a suable entity.

Thus, the Court hereby dismisses all claims against the NCAA Board of Governors with prejudice.  Even if the Court was to find the Board to be a suable entity, Plaintiffs claims would still fail for the other shortcomings illustrated in this Order: Ms. Corcoran lacks standing to bring any claims and the Aldrich Plaintiffs do not have timely claims to bring.

## IV. CONLUSION

For the foregoing reasons, Defendants Motion to Dismiss (ECF No. 123) is **granted.**  Moreover, Defendants Motion for Oral Argument (ECF No. 125) is **denied** as moot.  The Clerk is directed to enter Judgment consistent with this Order.

**SO ORDERED.**

Date: 9/30/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record:

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIN ALDRICH, | ) | |
| LONDA BEVINS, | ) | |
| JESSICA JOHNSON, | ) | |
| BEATA CORCORAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02310-JRS-MG |
| | ) | |
| NATIONAL COLLEGIATE ATHLETIC | ) | |
| ASSOCIATION, | ) | |
| BOARD OF GOVERNORS OF THE | ) | |
| NATIONAL COLLEGIATE ATHLETIC | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

Pursuant to the order also issued this day, all claims by Plaintiffs are **dismissed.**
Ms. Aldrich, Ms. Bevins, and Ms. Johnson's claims are **dismissed with prejudice**
for failure to state a claim, and Ms. Corcoran's claims are **dismissed without**
**prejudice** for lack of standing.  It is ordered and adjudged that Plaintiffs shall take
nothing by way of his complaint against Defendants.  This is a **final judgment** under
Federal Rule of Civil Procedure 58.

Date: 9/30/2021

Roger A.G. Sharpe, Clerk

BY: _____
Deputy Clerk, U.S. District Court

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record:

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:20-cv-02310-JRS-MG

| | |
|---|---|
| ALDRICH et al v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION et al | Date Filed: 09/08/2020 |
| | Date Terminated: 09/30/2021 |
| Assigned to: Judge James R. Sweeney II | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Mario Garcia | Nature of Suit: 360 P.I.: Other |
| Case in other court: California Northern, 5:20-cv-01733 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Breach of Fiduciary Duty | |

**Plaintiff**

**ERIN ALDRICH**                            represented by   **Annika K. Martin**
*individually and on behalf of all others*                    LIEFF CABRASER HEIMMAN &
*similarly situated*                                           BERNSTEIN, LLP
                                                              250 Hudson Street
                                                              8th Floor
                                                              New York, NY 10013
                                                              212 355-9500
                                                              Fax: 212 35-9592
                                                              Email: akmartin@lchb.com
                                                              *PRO HAC VICE*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Brooke A. Achua**
                                                              FEGAN SCOTT, LLC
                                                              140 Broadway, 46th Floor
                                                              New York, NY 10005
                                                              646-502-7910
                                                              Fax: 312-264-0100
                                                              Email: brooke@feganscott.com
                                                              *PRO HAC VICE*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Elizabeth A. Fegan**
                                                              FEGAN SCOTT, LLC
                                                              150 S. Wacker Dr.
                                                              24th Floor
                                                              Chicago, IL 60606
                                                              312-741-1019
                                                              Fax: 312-264-0100
                                                              Email: beth@feganscott.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Irwin B. Levin**
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Fax: (317) 636-2593
Email: ilevin@cohenandmalad.com
*ATTORNEY TO BE NOTICED*

**Jonathan David Selbin**
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street
8th Floor
New York, NY 10013
(212) 355-9500
Fax: (212) 355-9592
Email: jselbin@lchb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn Ellenberger**
FEGAN SCOTT LLC
500 Grant Street
Suite 2900
Pittsburgh, PA 15219
412-345-4101
Fax: (312) 264-0100
Email: lynn@feganscott.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn A. Toops**
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Fax: (317) 636-2593
Email: ltoops@cohenandmalad.com
*ATTORNEY TO BE NOTICED*

**Rhea Ghosh**
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street

8th Floor
New York, NY 10013-1413
212-355-9500
Fax: 212-355-9592
Email: rghosh@lchb.com
*PRO HAC VICE*

**Plaintiff**

**LONDA BEVINS**
*individually and on behalf of all others
similarly situated*

represented by **Annika K. Martin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brooke A. Achua**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Fegan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Irwin B. Levin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan David Selbin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn Ellenberger**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn A. Toops**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rhea Ghosh**
(See above for address)
*PRO HAC VICE*

**Plaintiff**

**JESSICA JOHNSON**
*individually and on behalf of all others
similarly situated*

represented by **Annika K. Martin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brooke A. Achua**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Fegan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Irwin B. Levin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan David Selbin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn Ellenberger**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn A. Toops**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rhea Ghosh**
(See above for address)
*PRO HAC VICE*

**Plaintiff**

**BEATA CORCORAN**       represented by    **Annika K. Martin**
Lieff Cabraser Heimann and Bernstein,
LLP
250 Hudson Street
8th Floor
New York, NY 10013-1413
(212) 355-9500
Fax: 212-355-9592
Email: akmartin@lchb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brooke A. Achua**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Fegan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Irwin B. Levin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan David Selbin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn Ellenberger**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynn A. Toops**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rhea Ghosh**
(See above for address)
*PRO HAC VICE*


V.

**Defendant**

**NATIONAL COLLEGIATE**            represented by   **Carolyn Hoecker Luedtke**
**ATHLETIC ASSOCIATION**                           MUNGER, TOLLES & OLSON LLP
                                                   560 Mission Street
                                                   27th Floor
                                                   San Francisco, CA 94105
                                                   415-512-4027
                                                   Fax: 415-644-6927
                                                   Email: carolyn.luedtke@mto.com
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Andrea Roberts Pierson**
                                                   FAEGRE DRINKER BIDDLE & REATH
                                                   LLP (Indianapolis)
                                                   300 North Meridian Street
                                                   Suite 2500
                                                   Indianapolis, IN 46204
                                                   317-237-0300

Fax: 317-237-1000
Email: andrea.pierson@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Ariel Tal Teshuva**
Munger Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
213-683-9589
Fax: 213-687-3702
Email: ariel.teshuva@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Glenn Douglas Pomerantz**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071-3426
(213) 683-9132
Fax: (213) 687-3702
Email: glenn.pomerantz@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hailyn Jennifer Chen**
MUNGER, TOLLES & OLSON LLP
350 S. Grand Ave., 50th Fl.
Los Angeles, CA 90071
(213) 683-9548
Fax: (213) 593-2848
Email: hailyn.chen@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren M. Harding**
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue
50th Floor
Los Angeles, CA 90071-3426
213-683-9100
Fax: 213-687-3702
Email: lauren.harding@mto.com
*TERMINATED: 09/16/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Blake Alford**
FAEGRE DRINKER BIDDLE & REATH
LLP (Indianapolis)

300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
(317)237-0300
Fax: (317)237-1000
Email:
Nicholas.Alford@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Terra Dawn Castillo Laughton**
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Fl.
San Francisco, CA 94105
(415) 512-4000
Fax: (415) 512-4077
Email: terra.laughton@mto.com
*TERMINATED: 08/31/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BOARD OF GOVERNORS OF THE**          represented by   **Carolyn Hoecker Luedtke**
**NATIONAL COLLEGIATE**                                 (See above for address)
**ATHLETIC ASSOCIATION**                                *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Andrea Roberts Pierson**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Ariel Tal Teshuva**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Glenn Douglas Pomerantz**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Hailyn Jennifer Chen**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lauren M. Harding**
                                                        (See above for address)
                                                        *TERMINATED: 09/16/2021*
                                                        *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Nicholas Blake Alford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Terra Dawn Castillo Laughton**
(See above for address)
*TERMINATED: 08/31/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **JOHN REMBAO**<br>*TERMINATED: 10/13/2020* | represented by | **Howard Lee Jacobs**<br>Law Offices of Howard L. Jacobs<br>31111 Agoura Rd., Suite 225<br>Westlake Village, CA 91361<br>(805) 418-9892<br>Fax: (805) 418-9899<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Lindsay Scott Brandon**
Law Offices of Howard L. Jacobs
31111 Agoura Rd.
Ste 225
Westlake Village, CA 91361
805-418-9892
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2020 | 1 | COMPLAINT *Class Action* against Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association, John Rembao ( Filing fee $ 400, receipt number 0971-14266945.). Filed byJessica Johnson, Erin Aldrich, Londa Bevins. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Selbin, Jonathan) (Filed on 3/11/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 03/11/2020) |
| 03/11/2020 | 2 | Case assigned to Judge Nathanael M. Cousins.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by |

| | | |
|---|---|---|
| | | 3/25/2020. (bwS, COURT STAFF) (Filed on 3/11/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 03/11/2020) |
| 03/11/2020 | [3](#) | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 6/3/2020. Initial Case Management Conference set for 6/10/2020 10:00 AM in San Jose, Courtroom 5, 4th Floor. (sfbS, COURT STAFF) (Filed on 3/11/2020)[Transferred from California Northern on 9/8/2020.] (Entered: 03/11/2020)** |
| 03/11/2020 | [4](#) | Proposed Summons. (Selbin, Jonathan) (Filed on 3/11/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 03/11/2020) |
| 03/12/2020 | [5](#) | Summons Issued as to Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association, John Rembao. (sfbS, COURT STAFF) (Filed on 3/12/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 03/12/2020) |
| 03/25/2020 | [6](#) | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Erin Aldrich, Londa Bevins, Jessica Johnson.. (Selbin, Jonathan) (Filed on 3/25/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 03/25/2020) |
| 04/01/2020 | [7](#) | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14331492.) filed by Erin Aldrich, Londa Bevins, Jessica Johnson. (Fegan, Elizabeth) (Filed on 4/1/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/01/2020) |
| 04/01/2020 | [8](#) | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14331502.) filed by Erin Aldrich, Londa Bevins, Jessica Johnson. (Ellenberger, Lynn) (Filed on 4/1/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/01/2020) |
| 04/02/2020 | [9](#) | **ORDER GRANTING [7](#) APPLICATION for Admission of Attorney *Elizabeth Fegan* Pro Hac Vice representing Plaintiffs. Signed by Judge Nathanael Cousins.** (lmhS, COURT STAFF) (Filed on 4/2/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/02/2020) |
| 04/02/2020 | [10](#) | **ORDER GRANTING [8](#) APPLICATION for Admission of Attorney *Lynn A. Ellenberger* Pro Hac Vice representing Plaintiffs. Signed by Judge Nathanael Cousins.** (lmhS, COURT STAFF) (Filed on 4/2/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/02/2020) |
| 04/03/2020 | [11](#) | WAIVER OF SERVICE Returned Executed filed by Jessica Johnson, Erin Aldrich, Londa Bevins. Service waived by John Rembao waiver sent on 4/1/2020, answer due 6/1/2020. (Selbin, Jonathan) (Filed on 4/3/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/03/2020) |
| 04/10/2020 | [12](#) | NOTICE of Appearance by Glenn Douglas Pomerantz (Pomerantz, Glenn) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/10/2020 | [13](#) | NOTICE of Appearance by Lauren M. Harding *as Counsel for Defendants The National Collegiate Athletic Association and the Board of Governors of the National Collegiate Athletic Association* (Harding, Lauren) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/10/2020 | [14](#) | NOTICE of Appearance by Carolyn Hoecker Luedtke *As Counsel for Defendants The National Collegiate Athletic Association and The Board of Governors of the National* |

| | | |
|---|---|---|
| | | *Collegiate Athletic Association* (Luedtke, Carolyn) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/10/2020 | 15 | NOTICE of Appearance by Hailyn Jennifer Chen *as Counsel for Defendants The National Collegiate Athletic Association and The Board of Governors of the National Collegiate Athletic Association* (Chen, Hailyn) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/10/2020 | 16 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association.. (Luedtke, Carolyn) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/10/2020 | 17 | NOTICE of Appearance by Terra Dawn Castillo Laughton (Castillo Laughton, Terra) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/10/2020 | 18 | CERTIFICATE OF SERVICE by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association re 17 Notice of Appearance, 14 Notice of Appearance, 12 Notice of Appearance, 13 Notice of Appearance, 16 Consent/Declination to Proceed Before a US Magistrate Judge, 15 Notice of Appearance (Harding, Lauren) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/10/2020 | 19 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because a party has not consented to the jurisdiction of a Magistrate Judge. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (lmh, COURT STAFF) (Filed on 4/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/10/2020) |
| 04/13/2020 | 20 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Edward J. Davila and Magistrate Judge Nathanael M. Cousins for all further proceedings. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. (Attachments: # 1 Notice of Eligibility for Video Recording)(cv, COURT STAFF) (Filed on 4/13/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/13/2020)** |
| 04/13/2020 | 21 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14368271.) filed by Erin Aldrich, Londa Bevins, Jessica Johnson. (Attachments: # 1 Declaration of Annika K. Martin, # 2 Exhibit A, # 3 Exhibit B)(Martin, Annika) (Filed on 4/13/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/13/2020) |
| 04/13/2020 | 22 | (Text Only) CLERKS NOTICE RESETTING CASE MANAGEMENT CONFERENCE FOLLOWING REASSIGNMENT. Joint Case Management Statement due by 7/13/2020. Initial Case Management Conference set for 7/23/2020 |

| | | |
|---|---|---|
| | | 10:00 AM in San Jose, Courtroom 4, 5th Floor before Hon. Edward J. Davila. The Court does not issue a revised Initial Case Management Scheduling Order with ADR Deadlines. Standing orders can be downloaded from the court's web page at http://cand.uscourts.gov/ejdorders. (amkS, COURT STAFF) (Filed on 4/13/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/13/2020) |
| 04/13/2020 | 23 | **ORDER Granting 21 Application for Admission of Attorney Pro Hac Vice for Annika K. Martin, Counsel for Plaintiffs. Signed by Judge Edward J. Davila on 4/13/2020. (amkS, COURT STAFF) (Filed on 4/13/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/13/2020)** |
| 04/14/2020 | 24 | NOTICE of Appearance by Howard Lee Jacobs (Jacobs, Howard) (Filed on 4/14/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/14/2020) |
| 04/15/2020 | 25 | NOTICE of Appearance by Lindsay Scott Brandon (Brandon, Lindsay) (Filed on 4/15/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/15/2020) |
| 04/17/2020 | 26 | WAIVER OF SERVICE Returned Executed filed by Jessica Johnson, Erin Aldrich, Londa Bevins. Service waived by Board of Governors of the National Collegiate Athletic Association waiver sent on 3/23/2020, answer due 5/22/2020. (Martin, Annika) (Filed on 4/17/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/17/2020) |
| 04/17/2020 | 27 | WAIVER OF SERVICE Returned Executed filed by Jessica Johnson, Erin Aldrich, Londa Bevins. Service waived by National Collegiate Athletic Association waiver sent on 3/23/2020, answer due 5/22/2020. (Martin, Annika) (Filed on 4/17/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/17/2020) |
| 04/21/2020 | 28 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971-14395199.) filed by Erin Aldrich, Londa Bevins, Jessica Johnson. (Attachments: # 1 Declaration, # 2 Exhibit A)(Ghosh, Rhea) (Filed on 4/21/2020)[Transferred from California Northern on 9/8/2020.] (Entered: 04/21/2020) |
| 04/21/2020 | 29 | **ORDER Granting 28 Admission of Attorney Pro Hac Vice for Rhea Gosh, Counsel for Plaintiffs. Signed by Judge Edward J. Davila on 4/21/2020. (amkS, COURT STAFF) (Filed on 4/21/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 04/21/2020)** |
| 05/14/2020 | 30 | MOTION for Leave to File Excess Pages filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Attachments: # 1 Joint Stipulated Briefing Schedule and Page Limit Revision) (Luedtke, Carolyn) (Filed on 5/14/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/14/2020) |
| 05/19/2020 | 31 | NOTICE of Appearance by Ariel Tal Teshuva *As Counsel for Defendants The National Collegiate Athletic Association and the Board of Governors of the National Collegiate Athletic Association* (Teshuva, Ariel) (Filed on 5/19/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/19/2020) |
| 05/20/2020 | 32 | **Order Granting 30 Defendants' Motion for Leave to File Excess Pages. Plaintiffs are also granted leave to file a 30-page response/opposition. Signed by Judge Edward J. Davila on 5/20/2020. (ejdlc3S, COURT STAFF) (Filed on 5/20/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/20/2020)** |

| 05/22/2020 | 33 | MOTION to Dismiss *and/or to Strike* filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. Motion Hearing set for 7/23/2020 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. Responses due by 6/22/2020. Replies due by 7/9/2020. (Attachments: # 1 Appendix A)(Luedtke, Carolyn) (Filed on 5/22/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/22/2020) |
| --- | --- | --- |
| 05/22/2020 | 34 | Request for Judicial Notice re 33 MOTION to Dismiss *and/or to Strike* filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Related document(s) 33 ) (Luedtke, Carolyn) (Filed on 5/22/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/22/2020) |
| 05/22/2020 | 35 | AFFIDAVIT in Support re 33 MOTION to Dismiss *and/or to Strike of Jacqueline Campbell* filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Attachments: # 1 Exhibit 1 to Affidavit of Jacqueline Campbell)(Related document(s) 33 ) (Luedtke, Carolyn) (Filed on 5/22/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/22/2020) |
| 05/22/2020 | 36 | Certificate of Interested Entities by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association *and Disclosure Statement Pursuant to Civil Local Rule 3-15 and F.R.C.P. 7.1* (Luedtke, Carolyn) (Filed on 5/22/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/22/2020) |
| 05/22/2020 | 37 | MOTION to Dismiss *Complaint* filed by John Rembao. Motion Hearing set for 7/23/2020 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. Responses due by 6/5/2020. Replies due by 6/12/2020. (Jacobs, Howard) (Filed on 5/22/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 05/22/2020) |
| 06/03/2020 | 38 | STIPULATION WITH PROPOSED ORDER re 37 MOTION to Dismiss *Complaint Extending Briefing Schedule Pursuant to Civil Local Rule 6-2* filed by Erin Aldrich, Londa Bevins, Jessica Johnson. (Ellenberger, Lynn) (Filed on 6/3/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/03/2020) |
| 06/04/2020 | 39 | **Order Granting 38 Stipulation Extending Briefing Schedule. Signed by Judge Edward J. Davila on 6/4/2020. (ejdlc3S, COURT STAFF) (Filed on 6/4/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/04/2020)** |
| 06/04/2020 | | ***Set/Reset Deadlines per ECF 39 Order. Responses due by 6/22/2020. Replies due by 7/9/2020. (amkS, COURT STAFF) (Filed on 6/4/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/04/2020) |
| 06/19/2020 | 40 | Consent MOTION for Extension of Time to File Response/Reply as to 37 MOTION to Dismiss *Complaint*, 33 MOTION to Dismiss *and/or to Strike for Modification of Briefing Schedule and Hearing Date, and to Extend Page Limit Pursuant to Civil Local Rules 6-2 and 7-11; Proposed Order* filed by Erin Aldrich, Londa Bevins, Jessica Johnson. (Ellenberger, Lynn) (Filed on 6/19/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/19/2020) |
| 06/22/2020 | 41 | **Order granting 40 Motion for Extension of Time to File Response/Reply. Signed by Judge Edward J. Davila on June 22, 2020.(ejdlc2S, COURT STAFF) (Filed on 6/22/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/22/2020)** |

| | | |
|---|---|---|
| 06/22/2020 | | ***Set/Reset Deadlines/hearing per ECF 41 Order: as to 33 Motion to Dismiss *and/or to Strike*, and 37 Motion to Dismiss. Responses due by 6/29/2020. Replies due by 7/20/2020. Motion Hearing set for 8/6/2020 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. (amkS, COURT STAFF) (Filed on 6/22/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/23/2020) |
| 06/23/2020 | 42 | CLERK'S NOTICE CONTINUING CASE MANAGEMENT CONFERENCE. Please take NOTICE that the Initial Case Management Conference scheduled for 7/23/2020 is HEREBY CONTINUED to 9/24/2020 10:00 AM in San Jose, Courtroom 4, 5th Floor. Joint Case Management Statement due by 9/14/2020. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amkS, COURT STAFF) (Filed on 6/23/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/23/2020) |
| 06/29/2020 | 43 | MOTION to Amend/Correct 1 Complaint, *to add Plaintiff* filed by Erin Aldrich, Londa Bevins, Jessica Johnson. Motion Hearing set for 8/6/2020 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. Responses due by 7/13/2020. Replies due by 7/20/2020. (Attachments: # 1 Declaration of Jonathan D. Selbin)(Selbin, Jonathan) (Filed on 6/29/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/29/2020) |
| 06/29/2020 | 44 | OPPOSITION re 34 Request for Judicial by Erin Aldrich, Londa Bevins, Jessica Johnson. (Selbin, Jonathan) (Filed on 6/29/2020) Modified on 6/30/2020 (cv, COURT STAFF). [Transferred from California Northern on 9/8/2020.] (Entered: 06/29/2020) |
| 06/29/2020 | 45 | OPPOSITION/RESPONSE (re 37 MOTION to Dismiss *Complaint*, 33 MOTION to Dismiss *and/or to Strike* ) filed byErin Aldrich, Londa Bevins, Jessica Johnson. (Attachments: # 1 Declaration of Jonathan D. Selbin, # 2 Exhibits A-I to Declaration of Jonathan D. Selbin)(Selbin, Jonathan) (Filed on 6/29/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 06/29/2020) |
| 07/07/2020 | 46 | ADMINISTRATIVE MOTION TO TAKE PENDING MOTION TO DIMISS COMPLAINT OFF CALENDAR filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. Responses due by 7/21/2020. (Attachments: # 1 Declaration of Carolyn Hoecker Luedtke In Support, # 2 Proposed Order)(Luedtke, Carolyn) (Filed on 7/7/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/07/2020) |
| 07/07/2020 | 47 | ADMINISTRATIVE MOTION Take Pending Motion to Dismiss Off Calendar filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. Responses due by 7/8/2020. (Attachments: # 1 Declaration of Carolyn Hoecker Luedtke In Support, # 2 Proposed Order)(Luedtke, Carolyn) (Filed on 7/7/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/07/2020) |
| 07/08/2020 | 48 | **ORDER Sua Sponte Extending Defendants' Reply Brief Deadline. Signed by Judge Edward J. Davila on July 8, 2020. (ejdlc2S, COURT STAFF) (Filed on 7/8/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/08/2020)** |
| 07/08/2020 | 49 | CLERK'S NOTICE CORRECTING RESPONSE DEADLINE. Please take NOTICE Responses are due 7/13/2020 as to 47 ADMINISTRATIVE MOTION Take Pending Motion to Dismiss Off Calendar, and 46 ADMINISTRATIVE MOTION TO TAKE PENDING MOTION TO DIMISS COMPLAINT OFF CALENDAR. *(This is a text-* |

| | | |
|---|---|---|
| | | *only entry generated by the court. There is no document associated with this entry.)* (amkS, COURT STAFF) (Filed on 7/8/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/08/2020) |
| 07/09/2020 | 50 | OPPOSITION/RESPONSE (re 46 ADMINISTRATIVE MOTION TO TAKE PENDING MOTION TO DIMISS COMPLAINT OFF CALENDAR , 47 ADMINISTRATIVE MOTION Take Pending Motion to Dismiss Off Calendar ) *and Proposed Order* filed byErin Aldrich, Londa Bevins, Jessica Johnson. (Attachments: # 1 Exhibit A)(Fegan, Elizabeth) (Filed on 7/9/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/09/2020) |
| 07/09/2020 | 51 | **Order granting 46 Administrative Motion. Signed by Judge Edward J. Davila on July 9, 2020.The motion will be heard on September 3, 2020 at 9:00AM.(ejdlc2S, COURT STAFF) (Filed on 7/9/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/09/2020)** |
| 07/09/2020 | 52 | **Order granting 47 Administrative Motion. Signed by Judge Edward J. Davila on July 9, 2020.The motion to dismiss will be heard on September3, 2020 at 9:00AM. (ejdlc2S, COURT STAFF) (Filed on 7/9/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/09/2020)** |
| 07/09/2020 | 53 | **Terminating 33 Motion to Dismiss; terminating 37 Motion to Dismiss; terminating 43 Motion to Amend/Correct.** (*This is a text-only entry generated by the court. There is no document associated with this entry.)* **(ejdlc2S, COURT STAFF) (Filed on 7/9/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/09/2020)** |
| 07/13/2020 | 54 | AMENDED COMPLAINT *First Amended Class Action Complaint* against Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association, John Rembao. Filed byJessica Johnson, Erin Aldrich, Londa Bevins, Beata Corcoran. (Attachments: # 1 Exhibit A)(Fegan, Elizabeth) (Filed on 7/13/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/13/2020) |
| 07/27/2020 | 55 | MOTION to Dismiss filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. Motion Hearing set for 9/3/2020 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. Responses due by 8/10/2020. Replies due by 8/17/2020. (Attachments: # 1 Appendix A)(Luedtke, Carolyn) (Filed on 7/27/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/27/2020) |
| 07/27/2020 | 56 | Request for Judicial Notice re 55 MOTION to Dismiss filed byBoard of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Related document(s) 55 ) (Luedtke, Carolyn) (Filed on 7/27/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/27/2020) |
| 07/27/2020 | 57 | AFFIDAVIT in Support re 55 MOTION to Dismiss filed byBoard of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Attachments: # 1 Exhibit 1 to Affidavit of Jacqueline Campbell)(Related document(s) 55 ) (Luedtke, Carolyn) (Filed on 7/27/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 07/27/2020) |
| 07/27/2020 | 58 | MOTION to Dismiss *First Amended Complaint* filed by John Rembao. Motion Hearing set for 9/3/2020 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. Responses due by 8/10/2020. Replies due by 8/17/2020. (Jacobs, Howard) (Filed on 7/27/2020) [Transferred from California Northern on 9/8/2020.] |

| | | |
|---|---|---|
| | | (Entered: 07/27/2020) |
| 08/07/2020 | 59 | Joint MOTION for Leave to File Excess Pages *for Plaintiffs' Opposition and Defendants' Reply Brief Regarding Defendants' Motion to Dismiss and/or Strike the First Amended Complaint* filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Attachments: # 1 Proposed Order)(Harding, Lauren) (Filed on 8/7/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/07/2020) |
| 08/07/2020 | 60 | STIPULATION re 59 Joint MOTION for Leave to File Excess Pages *for Plaintiffs' Opposition and Defendants' Reply Brief Regarding Defendants' Motion to Dismiss and/or Strike the First Amended Complaint* filed by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Harding, Lauren) (Filed on 8/7/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/07/2020) |
| 08/07/2020 | 61 | **Order granting 59 Motion for Leave to File Excess Pages. Signed by Judge Edward J. Davila on August 7, 2020.(ejdlc2S, COURT STAFF) (Filed on 8/7/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/07/2020)** |
| 08/10/2020 | 62 | RESPONSE re 56 Request for Judicial Notice, *PLAINTIFFS' OPPOSITION TO THE NCAA'S REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE* by Erin Aldrich, Londa Bevins, Beata Corcoran, Jessica Johnson. (Selbin, Jonathan) (Filed on 8/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/10/2020) |
| 08/10/2020 | 63 | Declaration of Jonathan D. Selbin *in Support of Plaintiffs' Opposition to the NCAA, NCAA Board Of Governors, and John Rembao's Motions to Dismiss the First Amended Complaint* filed byErin Aldrich, Londa Bevins, Beata Corcoran, Jessica Johnson. (Attachments: # 1 Exhibits to Decl. of Jonathan D. Selbin)(Selbin, Jonathan) (Filed on 8/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/10/2020) |
| 08/10/2020 | 64 | OPPOSITION/RESPONSE (re 58 MOTION to Dismiss *First Amended Complaint* ) filed byErin Aldrich, Londa Bevins, Beata Corcoran, Jessica Johnson. (Selbin, Jonathan) (Filed on 8/10/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/10/2020) |
| 08/17/2020 | 65 | REPLY (re 55 MOTION to Dismiss ) *and/or to Strike the First Amended Complaint* filed byBoard of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Attachments: # 1 Declaration of Lauren Harding ISO Reply to MTD and/or Strike the FAC, # 2 Exhibit 1 to Declaration of Lauren Harding ISO Reply, # 3 Exhibit 2 to Declaration of Lauren Harding ISO Reply)(Luedtke, Carolyn) (Filed on 8/17/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/17/2020) |
| 08/17/2020 | 66 | REPLY (re 55 MOTION to Dismiss ) *in Support of Request for Application of the Incorporation by Reference Doctrine or Judicial Notice* filed byBoard of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association. (Luedtke, Carolyn) (Filed on 8/17/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/17/2020) |

| 08/17/2020 | 67 | REPLY (re 58 MOTION to Dismiss *First Amended Complaint* ) filed by John Rembao. (Jacobs, Howard) (Filed on 8/17/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/17/2020) |
|---|---|---|
| 08/20/2020 | 68 | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7-3.d filed by Erin Aldrich, Londa Bevins, Beata Corcoran, Jessica Johnson. (Ellenberger, Lynn) (Filed on 8/20/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/20/2020) |
| 08/21/2020 | 69 | OBJECTIONS to re 68 Statement of Recent Decision by John Rembao. (Jacobs, Howard) (Filed on 8/21/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/21/2020) |
| 08/27/2020 | 70 | CLERKS NOTICE SETTING ZOOM HEARING. Motions to Dismiss 55 and 58 Hearing set for 9/3/2020 at 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ejd<br><br>**Court Appearances:** Advanced notice is require d of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at EJDcrd@cand.uscourts.gov no later than 9/1/2020 at 12:00 PM PST.<br><br>**\*\*\*PLEASE NOTE: THE COURT DISCOURAGES THE USE OF A MOBILE PHONE DEVICE AND AIR PODS DUE TO UNSTABLENESS OF CONNECTIVITY AND INAUDIBLE ISSUES FOR THE RECORD\*\*\***<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>, Set/Reset Deadlines as to 55 MOTION to Dismiss , 58 MOTION to Dismiss *First Amended Complaint*. Motion Hearing set for 9/3/2020 09:00 AM in San Jose, Courtroom 4, 5th Floor before Judge Edward J. Davila. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amkS, COURT STAFF) (Filed on 8/27/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 08/27/2020) |
| 09/03/2020 | 71 | **Minute Entry for proceedings held before Judge Edward J. Davila: Motions re 58 and 55 to Dismiss Hearing held on 9/3/2020 via Zoom Webinar Remotely. Oral argument heard and the Court took the matters under submission. The Court to issue the Order. Plaintiff Attorney: Elizabeth Fegan,Annika Martin,Rhea Ghosh,Lynn Ellenberger,Jonathan Selbin. Defendant Attorney: Carolyn Luedtke,Hailyn Chen,Howard Jacobs,Lindsay Brandon. Total Time in Court:9:10-10:33am (1Hr.23Mins.) Court Reporter: Lee-Anne Shortridge. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amkS, COURT STAFF) (Date Filed: 9/3/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 09/03/2020)** |

| 09/03/2020 | 72 | **ORDER granting 55 Motion to Dismiss; denying 58 Motion to Dismiss. Signed by Judge Edward J. Davila on September 3, 2020. The Court transfers the NCAA action to the Southern District of Indiana. In the interests of clarity, Plaintiffs are ordered to file a second amended complaint by September 30, 2020 excising their claims as to NCAA Defendants. The Case Management Conference scheduled for September 24, 2020 is VACATED and will be reset after Plaintiffs file their second amended complaint. (ejdlc2S, COURT STAFF) (Filed on 9/3/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 09/03/2020)** |
| --- | --- | --- |
| 09/03/2020 | 73 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Ellenberger, Lynn) (Filed on 9/3/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 09/03/2020) |
| 09/03/2020 | 74 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Ellenberger, Lynn) (Filed on 9/3/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 09/03/2020) |
| 09/03/2020 | 75 | TRANSCRIPT ORDER for proceedings held on 09/03/2020 before Judge Edward J. Davila by Board of Governors of the National Collegiate Athletic Association, National Collegiate Athletic Association, for Court Reporter Lee-Anne Shortridge. (Luedtke, Carolyn) (Filed on 9/3/2020) [Transferred from California Northern on 9/8/2020.] (Entered: 09/03/2020) |
| 09/08/2020 | 76 | Case transferred in from District of California Northern; Case Number 5:20-cv-01733. Original file copy of transfer order and docket sheet received. (Entered: 09/08/2020) |
| 09/08/2020 | 77 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DWH) (Entered: 09/08/2020) |
| 09/08/2020 | 78 | PRACTICES AND PROCEDURES before Judge James Patrick Hanlon. (DWH) (Entered: 09/08/2020) |
| 09/24/2020 | 79 | MOTION for Attorney(s) Elizabeth A. Fegan to Appear pro hac vice (Filing fee $100, receipt number 0756-6196503), filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Fegan, Elizabeth) (Entered: 09/24/2020) |
| 09/25/2020 | 80 | ORDER granting 79 Motion to Appear pro hac vice - This cause has come before the Court upon the motion of Elizabeth A. Fegan, counsel for Plaintiffs Erin Aldrich, Londa Bevins, Jessica Johnson and Beata Corcoran, for leave to appear and participate pro hac vice in the above-captioned cause only. Being fully advised, it is now ORDERED that the motion be, and hereby is, GRANTED.. Signed by Magistrate Judge Matthew P. Brookman on 9/25/2020. (JRB) (Entered: 09/25/2020) |
| 09/25/2020 | 81 | NOTICE of Appearance by Andrea Roberts Pierson on behalf of Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) (Entered: 09/25/2020) |
| 09/25/2020 | 82 | NOTICE of Appearance by Nicholas Blake Alford on behalf of Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Alford, Nicholas) (Entered: 09/25/2020) |

| 09/25/2020 | 83 | MOTION for Attorney(s) Lauren M. Harding to Appear pro hac vice (No fee paid with this filing), filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Pierson, Andrea) (Entered: 09/25/2020) |
|---|---|---|
| 09/25/2020 | 84 | MOTION for Attorney(s) Carolyn Hoecker Luedtke to Appear pro hac vice (No fee paid with this filing), filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Pierson, Andrea) (Entered: 09/25/2020) |
| 09/25/2020 | 85 | MOTION for Attorney(s) Terra Castillo Laughton to Appear pro hac vice (No fee paid with this filing), filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Pierson, Andrea) (Entered: 09/25/2020) |
| 09/25/2020 | 86 | MOTION for Attorney(s) Glenn D. Pomerantz to Appear pro hac vice (No fee paid with this filing), filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Pierson, Andrea) (Entered: 09/25/2020) |
| 09/25/2020 | 87 | MOTION for Attorney(s) Ariel T. Teshuva to Appear pro hac vice (No fee paid with this filing), filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Pierson, Andrea) (Entered: 09/25/2020) |
| 09/25/2020 | 88 | MOTION for Attorney(s) Hailyn J. Chen to Appear pro hac vice (No fee paid with this filing), filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit A - Certification, # 2 Text of Proposed Order)(Pierson, Andrea) (Entered: 09/25/2020) |
| 09/25/2020 | 91 | MOTION for Attorney(s) Jonathan D. Selbin to Appear pro hac vice (No fee paid with this filing), filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Attachments: # 1 Text of Proposed Order, # 2 Envelope). (MAC) (Entered: 09/28/2020) |
| 09/25/2020 | 92 | MOTION for Attorney(s) Annika K. Martin to Appear pro hac vice (No fee paid with this filing), filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Attachments: # 1 Text of Proposed Order, # 2 Envelope). (MAC) (Entered: 09/29/2020) |
| 09/28/2020 | 89 | ORDER OF RECUSAL. Clerk is directed to randomly reassign case and notify parties of newly assigned Judge. Signed by Judge James Patrick Hanlon on 9/28/2020. (PKP) (Entered: 09/28/2020) |
| 09/28/2020 | 90 | NOTICE of Reassignment of Case to Judge James R. Sweeney II. Judge James Patrick Hanlon is no longer assigned to this case. Please include the new case number, **1:20-cv-02310-JRS-MPB**, on all future filings in this matter. (REO) (Entered: 09/28/2020) |

| 09/28/2020 | 93 | MOTION for Attorney(s) Lynn A. Ellenberger to Appear pro hac vice (No fee paid with this filing), filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Attachments: # 1 Text of Proposed Order, # 2 Cover Letter, # 3 Envelope). (MAC) (Entered: 09/29/2020) |
|---|---|---|
| 09/28/2020 | 94 | MOTION for Attorney(s) Rhea Ghosh to Appear pro hac vice (No fee paid with this filing), filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Attachments: # 1 Text of Proposed Order, # 2 Envelope). (MAC) (Entered: 09/29/2020) |
| 09/29/2020 | 95 | RECEIPT #IP070973 for Pro Hac fee fee in the amount of $600.00, paid by Lauren M. Harding, Carolyn Hoecker Luedtke, Terra Castillo Laughton, Glenn D. Pomerantz, Ariel T. Teshuva, and Hailyn J. Chen. (MAC) (Entered: 09/29/2020) |
| 09/29/2020 | 96 | RECEIPT #IP070988 for pro hac vice fee in the amount of $100.00, paid by Timothy A. Scott for 93 Motion for Lynn A. Ellenberger to Appear Pro Hac Vice. (DJH) (Entered: 09/29/2020) |
| 09/29/2020 | 97 | Statement *of Position* by All Plaintiffs. (Fegan, Elizabeth) (Entered: 09/29/2020) |
| 09/29/2020 | 98 | Statement *of Position on Transferred Case* by BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) (Entered: 09/29/2020) |
| 09/30/2020 | 99 | RECEIPT #IP071001 for PHV filing fee for Rhea Ghosh, Jonathan Selbin and Annika Martin in the amount of $300.00, paid by Rhea Ghosh. (REO) (Entered: 09/30/2020) |
| 09/30/2020 | 100 | ORDER granting 83 Motion for Attorney Lauren M. Harding to Appear pro hac vice on behalf of Defendants The National Collegiate Athletic Association and The Board of Governors of The National Collegiate Athletic Association. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 09/30/2020 | 101 | ORDER granting 84 Motion for Attorney Carolyn Luedtke to Appear pro hac vice on behalf of Defendants The National Collegiate Athletic Association and The Board of Governors of The National Collegiate Athletic Association. SEE ORDER. Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 09/30/2020 | 102 | ORDER granting 85 Motion for Attorney Terra Castillo Laughton to Appear pro hac vice on behalf of Defendants The National Collegiate Athletic Association and The Board of Governors of The National Collegiate Athletic Association. SEE ORDER. Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 09/30/2020 | 103 | ORDER granting 86 Motion for Attorney Glenn Pomerantz to Appear pro hac vice on behalf of Defendants The National Collegiate Athletic Association and The Board of Governors of The National Collegiate Athletic Association. SEE ORDER. Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 09/30/2020 | 104 | ORDER granting 87 Motion for Attorney Ariel T. Tushuva to Appear pro hac vice on behalf of Defendants The National Collegiate Athletic Association and The Board of Governors of The National Collegiate Athletic Association. SEE ORDER. Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |

| 09/30/2020 | 105 | ORDER granting 88 Motion for Attorney Hailyn J. Chen to Appear pro hac vice on behalf of Defendants The National Collegiate Athletic Association and The Board of Governors of The National Collegiate Athletic Association. SEE ORDER. Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
|---|---|---|
| 09/30/2020 | 106 | ORDER granting 91 Motion for Attorney Jonathan D. Selbin to Appear pro hac vice on behalf of Plaintiffs Erin Aldrich, Londa Bevins, Jessica Johnson, Beata Corcoran. SEE ORDER. Copy sent to counsel via US MAIL. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 09/30/2020 | 107 | ORDER granting 92 Motion to Appear pro hac vice. Attorney Annika K. Martin for ERIN ALDRICH,Annika K. Martin for LONDA BEVINS,Annika K. Martin for BEATA CORCORAN,Annika K. Martin for JESSICA JOHNSON added. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 09/30/2020 | 108 | ORDER granting 94 Motion for Attorney Rhea Ghosh to Appear pro hac vice on behalf of Plaintiffs Erin Aldrich, Londa Bevins, Jessica Johnson, Beata Corcoran. SEE ORDER. Copy sent to counsel via US MAIL. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 09/30/2020 | 109 | ORDER granting 93 Motion for Attorney Lynn Ellenberger to Appear pro hac vice on behalf of Plaintiffs Erin Aldrich, Londa Bevins, Jessica Johnson, Beata Corcoran. SEE ORDER. Copy sent to counsel via US MAIL. Signed by Magistrate Judge Matthew P. Brookman on 9/30/2020. (JRB) (Entered: 09/30/2020) |
| 10/05/2020 | 110 | NOTICE of Appearance by Lynn A. Toops on behalf of Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Toops, Lynn) (Entered: 10/05/2020) |
| 10/06/2020 | 111 | Statement *Plaintiffs' Amended Statement of Position* by ERIN ALDRICH, LONDA BEVINS, JESSICA JOHNSON, BEATA CORCORAN. (Fegan, Elizabeth) Modified on 10/27/2020 (JDC). (Entered: 10/06/2020) |
| 10/12/2020 | 112 | ***PLEASE DISREGARD WITHDRAWN BY 118 *** MOTION *to Postpone Scheduling Conference or Stay Discovery*, filed by Defendant NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) Modified on 10/14/2020 (BRR). Modified on 10/14/2020 (JRB). (Entered: 10/12/2020) |
| 10/12/2020 | 113 | ***PLEASE DISREGARD WITHDRAWN BY 118 *** BRIEF/MEMORANDUM in Support re 112 MOTION *to Postpone Scheduling Conference or Stay Discovery* , filed by Defendant NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) Modified on 10/14/2020 (BRR). Modified on 10/14/2020 (JRB). (Entered: 10/12/2020) |
| 10/12/2020 | 114 | MOTION *to Postpone Scheduling Conference, Hold L.R. 16-1(C)(1) In Abeyance, And/Or Stay Discovery*, filed by Defendant NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) (Entered: 10/12/2020) |
| 10/12/2020 | 115 | BRIEF/MEMORANDUM in Support re 114 MOTION *to Postpone Scheduling Conference, Hold L.R. 16-1(C)(1) In Abeyance, And/Or Stay Discovery* , filed by Defendant NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) (Entered: 10/12/2020) |

| 10/13/2020 | 116 | AMENDED COMPLAINT *Second Amended Class Action Complaint* against BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, filed by JESSICA JOHNSON, ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Fegan, Elizabeth) Modified on 10/27/2020 (JDC). (Entered: 10/13/2020) |
|---|---|---|
| 10/13/2020 | 117 | Unopposed MOTION to Withdraw *Docket Nos. 112 and 113*, filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Text of Proposed Order)(Pierson, Andrea) (Entered: 10/13/2020) |
| 10/14/2020 | 118 | ORDER granting 117 Motion to Withdraw Documents 112 and 113 . SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 10/14/2020. (JRB) (Entered: 10/14/2020) |
| 10/21/2020 | 119 | MOTION *Agreed Extension of Time and Joint Request for Briefing Schedule*, filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (Attachments: # 1 Text of Proposed Order) (Pierson, Andrea) Modified on 11/24/2020 (BRR). (Entered: 10/21/2020) |
| 10/26/2020 | 120 | RESPONSE in Opposition re 114 MOTION *to Postpone Scheduling Conference, Hold L.R. 16-1(C)(1) In Abeyance, And/Or Stay Discovery* , filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, JESSICA JOHNSON, BEATA CORCORAN. (Fegan, Elizabeth) Modified on 10/27/2020 (JDC). (Entered: 10/26/2020) |
| 11/02/2020 | 121 | REPLY in Support of Motion re 114 MOTION *to Postpone Scheduling Conference, Hold L.R. 16-1(C)(1) In Abeyance, And/Or Stay Discovery* , filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) (Entered: 11/02/2020) |
| 11/10/2020 | 122 | SCHEDULING ORDER - The above case is hereby assigned for a TELEPHONIC STATUS CONFERENCE on November 24, 2020 at 11:00 a.m., Indianapolis time (Eastern), before the Honorable Matthew P. Brookman, United States Magistrate Judge. The information needed by counsel to participate in this telephonic conference will be provided by a separate notification. The requirement to file a Case Management Plan pursuant to Local Rule 16-1(c) is hereby STAYED until further order from the court. Signed by Magistrate Judge Matthew P. Brookman on 11/10/2020.(AAS) (Entered: 11/10/2020) |
| 11/13/2020 | 123 | MOTION to Dismiss *and/or Strike Second Amended Complaint*, filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit A - Luedtke Decl. ISO MTD attaching Ex. 1 (NCAA manual))(Pierson, Andrea) (Entered: 11/13/2020) |
| 11/13/2020 | 124 | BRIEF/MEMORANDUM in Support re 123 MOTION to Dismiss *and/or Strike Second Amended Complaint* , filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Pierson, Andrea) (Entered: 11/13/2020) |

| 11/13/2020 | 125 | MOTION *for Oral Argument on Its Motion to Dismiss and/or Strike Second Amended Complaint*, filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Text of Proposed Order)(Pierson, Andrea) (Entered: 11/13/2020) |
|---|---|---|
| 11/25/2020 | 127 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 11/24/2020. Defendants' Motion to Postpone Scheduling Conference, Hold L.R. 16-1(C)(1) in Abeyance, and/or Stay Discovery (Docket No. 114 ) is GRANTED. The parties shall file their Fed. R. Civ. P. 26 initial disclosures on or before February 26, 2021. Defendants' MOTION Agreed Extension of Time and Joint Request for Briefing Schedule (Docket No. 119 ) is GRANTED. A TELEPHONIC STATUS CONFERENCE is set for APRIL 23, 2021 at 10:00 a.m., Indianapolis time (EST), before the Honorable Matthew P. Brookman, United States Magistrate Judge. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 11/25/2020) |
| 12/11/2020 | 128 | RESPONSE in Opposition re 123 MOTION to Dismiss *and/or Strike Second Amended Complaint* , filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Fegan, Elizabeth) (Entered: 12/11/2020) |
| 01/08/2021 | 129 | REPLY in Support of Motion re 123 MOTION to Dismiss *and/or Strike Second Amended Complaint* , filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Luedtke, Carolyn) (Entered: 01/08/2021) |
| 04/05/2021 | 130 | Reassignment of Case to Magistrate Judge Mario Garcia. Magistrate Judge Matthew P. Brookman is no longer assigned to this case. Please include the new case number (1:20-cv-2310-JRS-MG), which includes the initials of the newly assigned judge, on all future filings in this matter. (JDad) (Entered: 04/05/2021) |
| 04/19/2021 | 131 | SCHEDULING ORDER- TELEPHONIC Status Conference reset for 4/29/2021 at 2:30 PM (Eastern Time) before Magistrate Judge Mario Garcia. The deadlines as set in the Court's order at Dkt 127 remain as set. Counsel shall attend the conference by calling the designated phone number, to be provided by the Court via email generated by the Court's ECF system. Signed by Magistrate Judge Mario Garcia on 4/19/2021.(CBU) Modified on 4/19/2021 (CBU)Copies sent to those listed on Distribution via US Mail (Entered: 04/19/2021) |
| 04/26/2021 | 133 | NOTICE of Appearance by Irwin B. Levin on behalf of Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Levin, Irwin) (Entered: 04/26/2021) |
| 04/30/2021 | 134 | MINUTE ORDER for proceedings held before Magistrate Judge Mario Garcia: Status Conference held on 4/29/2021. Parties appeared by telephone for a Status Conference. Parties agree to meet and confer informally on any pretrial matters they can agree on or stipulate to, including but not limited to, matters concerning ESI discovery, protective orders, and document preservation. If any party seeks further relief from the Court's prior order (Doc. 127 ) regarding holding Local Rule 16 in abeyance, they should file a new request for any such relief after conferring on any agreement with respect to such matters. This matter is scheduled for a telephonic status conference on Tuesday, June 8, 2021 at 11 a.m. (Eastern) to discuss to review and discuss the status of any ruling on the Defendants' MTD and any ongoing pretrial matters pending before |

| | | the Court. Signed by Magistrate Judge Mario Garcia. (NAD) (Entered: 04/30/2021) |
|---|---|---|
| 05/06/2021 | 135 | NOTICE *of Supplemental Authority and Exhibit A*, filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON, re 128 Response in Opposition to Motion. (Attachments: # 1 Exhibit Exhibit A to Notice of Supplemental Authority) (Fegan, Elizabeth) (Entered: 05/06/2021) |
| 05/06/2021 | 136 | MOTION for Attorney(s) Brooke A. Achua to Appear pro hac vice (Filing fee $$100.00, receipt number IP073851). (Attachments: # 1 cover letter, # 2 Text of Proposed Order, # 3 Envelope)(JDC) (Entered: 05/07/2021) |
| 05/11/2021 | 137 | ORDER granting 136 Motion to Appear pro hac vice. Attorney Brooke A. Achua for Plaintiffs. Signed by Magistrate Judge Mario Garcia on 5/11/2021 Copy sent to Attorney Achua via US Mail (CBU) (Entered: 05/11/2021) |
| 06/08/2021 | 139 | MINUTE ORDER for proceedings held before Magistrate Judge Mario Garcia: Status Conference held on 6/8/2021. The parties appeared by counsel for a Telephonic Status Conference. The parties continue to work on drafts of any stipulation for ESI and a protective order.This matter is scheduled for a telephonic status conference on Thursday, July 22, 2021 at 11:00 a.m. (Eastern) to discuss case status. Counsel shall attend the status conference by calling the designated telephone number, to be provided by the Court via email generated by the Court's ECF system. Signed by Magistrate Judge Mario Garcia. (NAD) (Entered: 06/08/2021) |
| 07/12/2021 | 140 | Joint MOTION for Protective Order *[Proposed] Stipulated Protective Order*, filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Attachments: # 1 Exhibit Exhibit A - Agreement)(Luedtke, Carolyn) (Entered: 07/12/2021) |
| 07/16/2021 | 142 | ORDER approving 140 Motion for Stipulated Protective Order. Signed by Magistrate Judge Mario Garcia on 7/16/2021. (CBU) (Entered: 07/19/2021) |
| 07/22/2021 | 143 | STIPULATION *AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI") AND HARD COPY DOCUMENTS*, filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION. (Luedtke, Carolyn) Modified on 7/23/2021 (BRR). (Entered: 07/22/2021) |
| 07/22/2021 | 144 | MINUTE ORDER for proceedings held before Magistrate Judge Mario Garcia: Status Conference held on 7/22/2021. The parties appeared by counsel for a Telephonic Status Conference. Parties working towards various agreements on discovery and intend to file a joint or unopposed agreement on ESI protocols shortly. This matter is scheduled for a Telephonic Status Conference on Thursday, October 7, 2021 at 2:00 p.m. (Eastern) to discuss case status. Counsel shall attend the status conference by calling the designated telephone number, to be provided by the Court via email generated by the Court's ECF system. Signed by Magistrate Judge Mario Garcia. (NAD) (Entered: 07/22/2021) |
| 07/27/2021 | 145 | ORDER approving 143 Stipulation and Order regarding discovery of ESI and Hard Copy Documents. Signed by Magistrate Judge Mario Garcia on 7/27/2021. (CBU) (Entered: 07/27/2021) |

| 08/30/2021 | 146 | ***PLEASE DISREGARD - REFILED AT 147 *** NOTICE of Withdrawal of Appearance by *Terra Castillo Laughton* on behalf of BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (Castillo Laughton, Terra) Modified on 8/31/2021 (BRR). (Entered: 08/30/2021) |
| --- | --- | --- |
| 08/30/2021 | 147 | MOTION to Withdraw Attorney Appearance by Terra Castillo Laughton on behalf of BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (Attachments: # 1 Text of Proposed Order Proposed Order) (Castillo Laughton, Terra) Modified on 8/31/2021 (BRR). (Entered: 08/30/2021) |
| 08/31/2021 | 148 | ORDER granting 147 Motion to Withdraw Attorney Appearance. Attorney Terra Dawn Castillo Laughton withdrawn. Signed by Magistrate Judge Mario Garcia on 8/31/2021. (CBU) (Entered: 08/31/2021) |
| 09/08/2021 | 149 | ORDER SEEKING JURISDICTIONAL STATEMENT - Therefore, the Court ORDERS the parties to file, on or before September 14, 2021, a joint jurisdictional statement as to why the Court has jurisdiction or competing jurisdictional statements if they cannot agree. Failure to do so in the time allowed will result in dismissal of the SAC without prejudice and without further notice. ***SEE ORDER FOR ADDITIONAL INFORMATION*** Signed by Judge James R. Sweeney II on 9/8/2021.(JDC) Modified on 9/9/2021 (JDC). (Entered: 09/08/2021) |
| 09/14/2021 | 150 | Jurisdictional Statement *(Joint)* by All Plaintiffs. (Fegan, Elizabeth) (Entered: 09/14/2021) |
| 09/15/2021 | 151 | MOTION to Withdraw Attorney Appearance Appearance by *Lauren M. Harding* on behalf of BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (Attachments: # 1 Text of Proposed Order) (Harding, Lauren) Modified on 9/16/2021 (BRR). (Entered: 09/15/2021) |
| 09/16/2021 | 152 | ORDER granting 151 Motion to Withdraw Attorney Appearance. Attorney Lauren M. Harding withdrawn for defendants National Collegiate Athletic Association and The Board of Governors of the National Collegiate Athletic Association (collectively, "NCAA Defendants"). Signed by Magistrate Judge Mario Garcia on 9/16/2021. (CBU) (Entered: 09/16/2021) |
| 09/17/2021 | 153 | NOTICE *of Supplemental Authority in Support of Motion to Dismiss and/or Strike Second Amended Complaint*, filed by Defendants BOARD OF GOVERNORS OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (Luedtke, Carolyn) (Entered: 09/17/2021) |
| 09/30/2021 | 154 | ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR ORAL ARGUMENT - In summary, Defendants Motion to Dismiss ECF No. 123 is granted. Moreover, Defendants Motion for Oral Argument ECF No. 125 is denied as moot. The Clerk is directed to enter Judgment consistent with this Order. ***SEE ORDER FOR ADDITIONAL INFORMATION*** Signed by Judge James R. Sweeney II on 9/30/2021. (JDC) (Entered: 09/30/2021) |
| 09/30/2021 | 155 | CLOSED JUDGMENT - Pursuant to the order also issued this day, all claims by Plaintiffs are dismissed. Ms. Aldrich, Ms. Bevins, and Ms. Johnson's claims are |

|  |  |  |
|---|---|---|
|  |  | dismissed with prejudice for failure to state a claim, and Ms. Corcoran's claims are dismissed without prejudice for lack of standing. It is ordered and adjudged that Plaintiffs shall take nothing by way of his complaint against Defendants. This is a final judgment under Federal Rule of Civil Procedure 58. Signed by Judge James R. Sweeney II on 9/30/2021.(JDC) (Entered: 09/30/2021) |
| 10/29/2021 | 156 | NOTICE OF APPEAL as to 154 Order on Motion to Dismiss, 155 Closed Judgment, filed by Plaintiffs ERIN ALDRICH, LONDA BEVINS, BEATA CORCORAN, JESSICA JOHNSON. (Filing fee $505, receipt number 0756-6815114) (Fegan, Elizabeth) (Entered: 10/29/2021) |

**Case #: 1:20-cv-02310-JRS-MG**